SMITH V. MCGEE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-344-CV

WANDA LEE SMITH APPELLANT

V.

ROBERT D. MCKEE, SR. APPELLEE

------------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

OPINION

------------

Appellant Wanda Lee Smith’s bill of review suit was dismissed by the trial court for want of prosecution.  We reverse and remand for a hearing on Appellant’s motion to reinstate her suit.

Background

The parties were divorced in 1986.  There has been substantial litigation between the parties since the time of their divorce.  In 1995, Appellee Robert D. McKee, Sr. obtained a judgment against Appellant for damages.  On May 25, 1999, Appellant filed the underlying bill of review seeking to set aside the 1995 judgment, claiming it was obtained by fraud committed by Appellee.  On July 15, 2003, the trial court sent a letter to the parties notifying them of a dismissal setting for August 27, 2003.

On August 27, 2003, a hearing was held; Appellant represented herself and Appellee was represented by counsel.  At the conclusion of the hearing the trial court dismissed the lawsuit for want of prosecution; the dismissal order was signed that day.  On September 25, 2003, Appellant timely filed a verified motion to reinstate the case.  
See
 
Tex. R. Civ. P.
 165a(3).  On October 8, 2003, without setting the motion for a hearing, the trial court denied Appellant’s motion to reinstate.  
See id.
  On October 15, 2003, Appellant filed a motion requesting the trial court hold a hearing on her motion to reinstate.  No hearing was held and the trial court’s plenary power expired on November 7, 2003.
(footnote: 1)  
See id.

In four issues on appeal, Appellant contends the trial court:  failed to apprise her of its intent to dismiss for want of prosecution; should not have dismissed before providing Appellant an opportunity to present evidence and to explain her delay in prosecuting her case; and erred in failing to set a hearing on Appellant’s motion to reinstate.  Appellant proceeded pro se in the trial court and is representing herself on appeal.  Appellee, a licensed Texas attorney, has been represented by counsel throughout these proceedings, including this appeal, but has chosen not to file an appellee’s brief on appeal.
(footnote: 2)  Accordingly, this appeal was submitted to the court without the benefit of an appellee’s brief to assist the court in determining the issues raised in this appeal.

Trial Court’s Authority To Dismiss For Want Of Prosecution
 

Appellant’s first issue asserts the trial court failed to apprise Appellant of its intent to dismiss for want of prosecution.  A trial court's authority to dismiss for want of prosecution stems from two sources:  (1) Rule 165a of the Texas Rules of Civil Procedure; and (2) the court's inherent power.  
See
 
Villarreal v. San Antonio Truck & Equip.
, 994 S.W.2d 628, 630 (Tex. 1999); 
Veterans' Land Bd. v. Williams
, 543 S.W.2d 89, 90 (Tex. 1976).  A trial court may dismiss under Rule 165a on “failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice,” or when a case is “not disposed of within time standards promulgated by the Supreme Court.” 
 Tex. R. Civ. P.
 165a(1)-(2).  In addition, the common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence.  
Villarreal, 
994 S.W.2d at 631; 
State v. Rotello
, 671 S.W.2d 507, 508-09 (Tex. 1984).

A party must be provided with notice and an opportunity to be heard before a court may dismiss a case for want of prosecution under either Rule 165a or its inherent power.  
See
 
Tex. R. Civ. P.
 165a(1) (“Notice of the court's

intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record, and to each party not represented by an attorney”); 
Villarreal,
 994 S.W.2d at 630.  The requirements of notice and a hearing are necessary to ensure the dismissed claimant has received due process.  
Tex. Sting Ltd. v. R.B. Foods, Inc.
, 82 S.W.3d 644, 648 (Tex. App.—San Antonio 2002, pet. denied); 
Franklin v. Sherman Indep. Sch. Dist.
, 53 S.W.3d 398, 401 (Tex. App.—Dallas 2001, pet. denied).  The failure to provide adequate notice of the trial court's intent to dismiss for want of prosecution requires reversal.  
Villarreal
, 994 S.W.2d at 630-31.

Standard Of Review

We review a dismissal for want of prosecution under a clear abuse of discretion standard.  
MacGregor v. Rich
, 941 S.W.2d 74, 75 (Tex. 1997); 
Rotello
, 671 S.W.2d at 509.  A trial court abuses its discretion when it acts arbitrarily or unreasonably, or without reference to guiding rules and principles.  
Downer v. Aquamarine Operators, Inc.
, 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986); 
Johnson-Snodgrass v. KTAO, Inc.
, 75 S.W.3d 84, 87 (Tex. App.—Fort Worth 2002, pet. dism’d).

Notice Of Intent To Dismiss For Want Of Prosecution

On July 15, 2003, the trial court sent the parties the following letter:

TO: ALL ATTORNEYS/PRO SE PARTIES ON ATTACHED DISMISSAL DOCKET 

RE: See attached list of cases.

NOTICE OF NON-JURY DISMISSAL SETTING

THIS SETTING IS ON THE COURT’S MOTION IN RESPONSE TO TIME STANDARDS FOR DISPOSITION OF CASES BY THE DENTON COUNTY COURT RULES FOR DISTRICT COURTS.

The above-referenced cause has been placed on the Court’s Docket for dismissal on AUGUST 27, 2003, at 8:30 a.m.  At this time, the attorneys are expected to present a completed Scheduling Order to be approved by the Judge.  Scheduling Orders 
will not
 be accepted by mail or by clients’ submission.

A Scheduling Order needs to be entered with the following information:

1) Schedule for Discovery;

2) A (
          
) blank for a Pre-Trial Date, or a statement that a Pre-Trial will not be necessary;

3) A (
            
) blank for a Trial Date and expected length of trial;

4) A list of your Proposed Expert Witnesses along with the witnesses’ addresses, telephone numbers and area of expertise.  Any expert witness not listed shall not be allowed to be called as a witness.;

5) SIGNATURE OF ALL CLIENTS!!

Plaintiff’s/Petitioner’s failure to appear on this date will result in the case being dismissed for want of prosecution.  There will be 
NO CONTINUANCES
 of this setting!  

Both parties appeared at the August 27, 2003 hearing, after which the trial court signed the following order:

On the 27th day of August, 2003, the above styled and numbered cause having been reached on the Court’s Dismissal Docket and 
no announcement having been made
, it is the opinion of the Court that the cause of action filed in this cause should be dismissed for want of prosecution.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the cause of action filed in the above styled and numbered cause be and is hereby dismissed.  [Emphasis added.]

Denton County Court Rules

Rule 1.123 of the “Uniform Rules Of Court For The District And Statutory County Courts Of Denton Co.,” in effect at the time of Appellant’s dismissal hearing, provided that civil non-jury cases “should be concluded within 12 months from appearance date.”
(footnote: 3)  Additionally, Rule 1.7 of the “Administrative Rules For The Courts Within Denton County, Texas” contained identical language regarding disposition of civil non-jury cases.
(footnote: 4) 

Adequacy Of Notice Of Intent To Dismiss

The trial court’s dismissal notice states that the August 27, 2003 setting is in response to time standards for disposition of cases in Denton County district courts.  The dismissal notice then specifies that attorneys “are expected to present a completed Scheduling Order” to be approved by the judge.  Lastly, the dismissal notice states that plaintiff’s “failure to appear on this date will result in the case being dismissed for want of prosecution.”  

This is clearly notice to Appellant that the trial court will dismiss her case pursuant to Rule 165a(1) if she fails to appear at the August 27, 2003 hearing.  It is undisputed that Appellant was present at the hearing, as reflected in the court reporter’s transcription of the hearing.  Therefore, although the trial court’s dismissal order recites that “no announcement” was made at the hearing, if the trial court dismissed Appellant’s case under Rule 165a(1) for Appellant’s failure to appear at the August 27, 2003 hearing, this would constitute an abuse of discretion.

The trial court’s dismissal notice also places Appellant on notice that the case is set on the court’s dismissal docket in response to time standards for disposition of cases in Denton County, that is, the Denton County local rule that non-jury cases should be concluded within twelve months from appearance date.
(footnote: 5)  The notice informs the parties that the case is set for dismissal on August 27, 2003, and tells the attorneys and pro se litigants that they are expected to present a completed scheduling order at the dismissal hearing.  The question we must decide is whether the trial court’s dismissal notice provided notice to Appellant that her case would be dismissed under the trial court’s inherent power to dismiss independently of Rule 165a of the Texas Rules of Civil Procedure when a plaintiff fails to prosecute his or her case with due diligence.

In support of her contention that she did not receive proper notice of the court’s intent to dismiss under its inherent power, Appellant relies upon the supreme court’s holding in 
Villarreal
.  994 S.W.2d at 631-33.  In that case, the trial court’s dismissal notice stated the case was set for dismissal and the party is “requested to be present and make your announcement.  If no announcement is made, this cause will be dismissed for want of prosecution.”  
Id.
 at 629.  The supreme court held that this provided the parties sufficient notice that the case would be dismissed under Rule 165a(1) if they failed to appear at the hearing, but did not provide notice of the trial court’s intent to dismiss pursuant to its inherent power to do so.  
Id.
 at 632-33.  

We find 
Villarreal
 to be factually distinguishable from the instant case in which the trial court’s notice of dismissal specifically informed Appellant that the case was set for dismissal on August 27, 2003 in response to the court’s standards for disposition that required civil non-jury cases be disposed of within twelve months from appearance date.  While the trial court’s dismissal notice is not a model of clarity,
(footnote: 6) it is sufficient to apprise Appellant of the court’s intention to dismiss her case pursuant to the court’s inherent power to do so for failure to diligently prosecute her case.
(footnote: 7)  
We hold that the trial court provided adequate notice to Appellant of the court’s intent to dismiss for want of prosecution under its inherent power.  Accordingly, we overrule Appellant’s first issue. 

Failure To Permit Appellant To Explain The Delay In Prosecution

In her second issue, Appellant claims the trial court should not have dismissed for want of prosecution without providing her an opportunity to present evidence and to explain her delay in prosecuting the case.  The trial court held a hearing on August 27, 2003 at which time the court afforded Appellant an opportunity to explain why the case should not be dismissed for want of prosecution because of Appellant’s failure to prosecute her case with due diligence.  Accordingly, we overrule Appellant’s second issue.    

Failure To Hold A Hearing On Motion To Reinstate

Appellant’s third and fourth issues assert the trial court erred in failing to  hold a hearing on her motion to reinstate her case.  Appellant timely filed a verified motion to reinstate, and a request for a hearing on the motion.  Rule 165a(3) provides: 

The clerk shall deliver a copy of the motion to the judge, 
who shall set a hearing on the motion
 as soon as practicable.  The court shall notify all parties or their attorneys of record of the date, time and place of the hearing.

The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.   

Tex. R. Civ. P.
 165a(3) (emphasis added).  The same reinstatement procedures and timetable are applicable to all dismissals for want of prosecution, including cases that are dismissed pursuant to the court’s inherent power.  
Tex. R. Civ. P.
 165a(4).  It is not within the discretion of the trial court to fail to hold an oral hearing on a timely-filed, properly verified motion to reinstate.  
Thordson v. City of Houston
, 815 S.W.2d 550, 550 (Tex. 1991); 
see Gulf Coast Inv. Corp. v. Nasa 1 Bus. Ctr.
, 754 S.W.2d 152, 153 (Tex. 1988) (affirming court of appeals’ holding that trial court abused its discretion in failing to hold hearing on motion to reinstate).
(footnote: 8)  We hold that the trial court abused its discretion in failing to hold a hearing on Appellant’s timely-filed, verified motion to reinstate.
(footnote: 9)  Appellant’s third and fourth issues are sustained. 

Conclusion

 We reverse the judgment of the trial court and remand this cause to the trial court for a hearing on Appellant’s motion to reinstate.

DIXON W. HOLMAN

JUSTICE

PANEL B: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DELIVERED:  July 15, 2004

FOOTNOTES
1:
On November 13, 2003, Appellant filed an amended motion to reinstate. On November 24, 2003, the trial court held a hearing on Appellant’s request to reinstate.  On November 26, 2003, Appellant objected to the court ruling on her amended motion to reinstate, stating the court had lost jurisdiction to grant or deny the motion.  On December 8, 2003, the court signed an order denying Appellant’s amended motion to reinstate.  Because the trial court had already lost plenary jurisdiction at the time it held the hearing and signed the order denying the amended motion to reinstate, all proceedings that occurred after November 7, 2003 are void and will not be considered a part of the record in this appeal.  
See Emerald Oaks Hotel/Conference Ctr., Inc. v. Zardenetta
, 776 S.W.2d 577, 578 (Tex. 1989) (orig. proceeding) (holding trial court's plenary power over its judgment of dismissal ends 105 days after the order of dismissal, and order of reinstatement must be signed during this period); 
In re Dickason
, 987 S.W.2d 570, 570-71 (Tex. 1998) (orig. proceeding) (holding trial court order signed after expiration of plenary period is void); 
Walker v. Harrison
, 597 S.W.2d 913, 915 (Tex. 1980) (orig. proceeding) (“This court has repeatedly held that the time limits provided in rule 165a are mandatory and jurisdictional and that orders of reinstatement entered after their expiration are void.”).

2:
Through counsel, Appellee previously filed a motion to abate this appeal and remand the case to the trial court for a hearing on Appellant’s motion to reinstate.  Appellee requested this court take this action in the interest of “judicial economy,” without citing any authority that would permit the abatement procedure.  Appellant objected to the proposed procedure, stating  it would violate her due process right to have this court review the appropriateness of the trial court’s order dismissing her case for want of prosecution.  This court denied Appellee’s motion.

Appellee subsequently filed a motion to dismiss for mootness and a motion for sanctions.  Appellee contended that when he notified this court that he did not object to the remand for a hearing on Appellant’s motion to reinstate, this made the appeal moot because the controversy between the parties ceased to exist.  Accordingly, Appellee argued that further prosecution of this appeal by Appellant was frivolous, and Appellee should be awarded damages.  Appellant responded by seeking sanctions for Appellee’s actions on appeal.  On April 6, 2004, this court denied both parties’ motions. 

3:
Denton County (Tex.) Ct. Loc. Unif. R.
 1.123 (effective Mar. 1, 1994; repealed May 4, 2004), 
available at
 <http://dentonbar.com/rules/lrules.htm>. The 1994 version of the Denton County Uniform Rules of Court was repealed well after the August 27, 2003 dismissal hearing in the instant case.  We note that the recently-enacted version contains a new section entitled “Rule 2.7:  Dismissal for Want of Prosecution and Status Conferences” which specifies in detail the reasons a case may be dismissed for want of prosecution.  
Denton County (Tex.) Ct. Loc. Unif. R.
 2.7 (effective May 4, 2004), 
available at
 <http://www.co.denton.tx.us/dept/District_Clerk/Acrobat/Uniform_Rules_05_2004.pdf>.  However, Rule 2.7 is not relevant to this appeal inasmuch as it was not in effect on August 27, 2003.

4:
Denton County (Tex.) Ct. Loc. Admin. R.
 1.7, 
available at
 <
http://dentoncounty.com/dept/main.asp?Dept=26&Link=71>.

5:
The trial court’s dismissal notice does not mention dismissing for want of prosecution because of non-compliance with the time standards promulgated by the Texas Supreme Court.  
See
 
Tex. R. Civ. P.
 165a(2). 

6:
In 
Villarreal
, the dissent suggested
 that the Bexar County District Clerk’s office consider rewriting its standard notice of intent to dismiss to include the phrase,”The trial court is invoking its inherent power to dismiss this case for want of prosecution.”  994 S.W.2d at 635 (Enoch, J., dissenting).

7:
But cf.
 
Johnson-Snodgrass
, 75 S.W.3d at 89 (holding notice of dismissal pursuant to Rule 165a(2) did not provide notice to plaintiff of trial court’s intent to dismiss under inherent power).  

8:
But cf. Rainbow Home Health, Inc. v. Schmidt
, 76 S.W.3d 53, 57 (Tex. App.—San Antonio 2002, pet. denied) (holding that although motion to reinstate requested a hearing on the motion, appellant did not properly notify trial court of request for a hearing when appellant never filed a fiat, sent a letter, or made some other communication to the trial court requesting a hearing on the motion).  In the instant case, Appellant’s motion to reinstate requested a hearing, and within the court’s plenary period, Appellant filed a separate motion requesting a hearing on her motion to reinstate.

9:
We express no opinion whatsoever upon the merits of Appellant’s motion to reinstate her lawsuit.  That issue is not before us in this appeal.