COURT
OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                     FORT
WORTH

 

 

                                           NO.
2-08-161-CV

 

 

IN
THE INTEREST OF A.R.L.

 

 

                                                  ------------

 

              FROM
THE 415TH DISTRICT COURT OF PARKER COUNTY

 

                                                  ------------

 

                                  MEMORANDUM
OPINION[1]

 

                                                  ------------

This is an appeal from the
dismissal for want of prosecution of Appellant L.R.L.=s bill of review.[2]  We reverse and remand.








L.R.L. is incarcerated in the
Estelle Unit in Huntsville.  He filed a
bill of review in October 2007 after his parental rights over his daughter
A.R.L. were terminated in May 2007. 
Although L.R.L. made efforts to prosecute his bill of review (including
filing a petition for writ of mandamus with this court),[3]
the trial court sent notice of the court=s intent to dismiss for want of prosecution.[4]  This notice was sent to L.R.L. at the wrong
address.  Appellee the Texas Department
of Family and Protective Services concedes that the trial court=s failure to provide adequate notice of its intent to dismiss this
case for want of prosecution requires reversal.[5]


Accordingly, we reverse the
trial court=s order of
dismissal and remand this case for further proceedings.

 

PER CURIAM

 

PANEL:  CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

 

DELIVERED:  November 20, 2008                                     











[1]Tex.
R. App. P. 47.4.





[2]The
names of the parent and child subject to this appeal have been replaced with
initials in accordance with Texas Rule of Appellate Procedure 9.8.  Tex. R. App. P. 9.8.





[3]See No.
02-08-00075-CV, 2008 WL 623394 (Tex. App.CFort Worth March 4, 2008,
orig. proceeding).





[4]See Tex.
R. Civ. P. 165a.





[5]See,
e.g., Smith v. McKee, 145 S.W.3d 299, 302 (Tex. App.CFort
Worth 2004, no pet.).