COURT
OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                     FORT
WORTH

 

 

                                           NO.
2-07-407-CV

 

 

SHERRICK D. RINGER                                                           APPELLANT

 

                                                      V.

 

MYRON E. KIMBALL                                                              APPELLEES

AND
LAYNE HARWELL

                                                  ------------

 

              FROM
THE 17TH DISTRICT COURT OF TARRANT COUNTY

 

                                                  ------------

 

                                                OPINION

 

                                                  ------------

Appellant Sherrick D. Ringer
asserts in this appeal that the trial court abused its discretion in dismissing
his lawsuit against Appellees Myron E. Kimball and Layne Harwell for want of
prosecution.  We affirm.

Background








Ringer is incarcerated.  On September 13, 2006, he sued appellees, his
former attorneys, for breach of contract and breach of fiduciary duty.  Almost a year later, on August 7, 2007, the
trial court informed the parties by letter that the case was set for trial on
November 5, 2007, and that a pretrial hearing would be conducted on October 25,
2007.  The letter stated that A[a]ll parties will be expected to appear at the pretrial or the case
will be dismissed for want of prosecution.@  

On October 18, 2007, more
than two months later, and shortly before the pretrial hearing, Ringer filed a AMotion for Bench Warrant or in the Alternative Motion for Hearing by
Video Conference Call.@  The motion contains the following assertions
and requests for relief: 

[Ringer
is] presently incarcerated . . . in Amarillo, Texas [and] is unable to
personally appear before the Court and give testimony in this case and
respectfully request[s] the Court to issue a Warrant from the Bench ordering
the Sheriff[s] of Potter and Tarrant Counties, to transport me to this Court
for the APretrial
hearing set by this Court to be had October 25, 2007 at 9:00 a.m. and Trial to
be had on November 5, 2007.@

 

In
the alternative, I ask the Court to hold a hearing by video conference with
me.  

 

There is no further argument in the motion, and
the motion does not request any other relief should the trial court determine
that Ringer is not entitled to appear in person or by video conference.








The record contains no
express ruling by the trial court on the motion.  It is apparent from the record, however, that
the trial court implicitly overruled Ringer=s bench warrant motion and alternative request for hearing by video
conference, as the trial court dismissed the case for want of prosecution on
October 25, the date of the pretrial hearing, after giving notice that a party=s failure to appear at the hearing would result in dismissal.[1]

Standard of Review

A trial court has authority
to dismiss a case for want of prosecution under either rule 165a of the Texas
Rules of Civil Procedure or the court's inherent power to maintain and control
its docket.[2]  Under rule 165a(1), a trial court may dismiss
a case for want of prosecution on the failure of a party seeking affirmative
relief to appear for a hearing or trial if the party had notice that dismissal
could result from the party=s failure to appear.[3]  A trial court may dismiss under its inherent
power when a plaintiff fails to prosecute his or her case with due diligence.[4]








We review a trial court=s dismissal for want of prosecution and a trial court=s denial of a bench warrant motion for an abuse of discretion.[5]  To determine whether a trial court abused its
discretion, we must decide whether the trial court acted without reference to
any guiding rules or principles; in other words, we must decide whether the act
was arbitrary or unreasonable.[6]  Merely because a trial court may decide a
matter within its discretion differently than an appellate court would in
similar circumstances does not demonstrate an abuse of discretion.[7]

Analysis

A.     Bench
Warrant








It is well established that
litigants cannot be denied access to the courts simply because they are
inmates.[8]  However, an inmate does not have an absolute
right to appear in person in every court proceeding.[9]  The inmate=s right of access to the courts must be weighed against the protection
of our correctional system=s integrity.[10]

In In re Z.L.T., the
Supreme Court of Texas identified a variety of factors that trial courts should
consider when deciding whether to grant an inmate=s request for a bench warrant, including:

$               
the cost and inconvenience of transporting the
prisoner to the courtroom;

 

$               
the security risk the
prisoner presents to the court and public;

$               
whether the prisoner=s claims are substantial;

$               
whether the matter=s
resolution can reasonably be delayed until the prisoner=s
release;

 

$               
whether the prisoner can and will offer
admissible, noncumulative testimony that cannot be effectively presented by
deposition, telephone, or some other means;

 

$               
whether the prisoner=s
presence is important in judging his demeanor and credibility;

 

$               
whether the trial is to the
court or a jury; and

$               
the prisoner=s probability of success on the merits.[11]








The Z.L.T. court held that a litigant=s status as an inmate does not alter the litigant=s burden to identify with sufficient specificity the grounds for the
ruling sought.[12]  Accordingly, the trial court has no
responsibility to independently inquire into the applicability of the factors
listed above.[13]  Rather, the burden is on the inmate to
establish his right to relief, and if the inmate fails to present sufficient
information to the trial court for the trial court to evaluate the bench
warrant request under the factors listed above, the trial court does not abuse
its discretion in denying the request.[14]

Ringer=s bench warrant motion contains no information by which the trial
court could assess the necessity of his appearance at the pretrial
hearing.  Indeed, the motion does not
even reference the factors identified in Z.L.T.  As in Z.L.T., the only information in
the motion pertinent to Ringer=s request for a bench warrant is that he is incarcerated in Amarillo,
over 300 miles from Tarrant County.[15]  Because Ringer failed to meet his burden to
prove his entitlement to a bench warrant, we cannot say the trial court abused
its discretion in implicitly denying Ringer=s request for a bench warrant.[16]








B.      Alternative
Means B Video
Conference

Ringer also asked for the
alternative relief of appearing at the pretrial hearing by video
conference.  We held in In re D.D.J.
that a trial court abuses its discretion when it Afail[s] to consider [an inmate=s] request to participate at trial by alternative means.@[17]  This decision is grounded in A[t]he right of a prisoner to have access to the courts[,] [which]
entails not so much his personal presence as the opportunity to present
evidence or contradict the evidence of the opposing party.@[18]  We concluded that, while the
trial court did not abuse its discretion in denying the bench warrant request,
it Ashould have considered [but did not consider] permitting [the inmate]
to proceed by other effective means, such as the telephone conference he had
expressly requested in his motion.@[19] 








Here, unlike the inmate=s alternative request in D.D.J., the trial court implicitly
considered and denied Ringer=s request to appear by alternative means.[20]  Accordingly, we turn to the question of
whether the trial court abused its discretion in denying the video conference
request.








In determining whether the
trial court abused its discretion in denying Ringer=s video conference request, we apply the factors listed in Z.L.T.
for bench warrant requests.[21]  We see no meaningful distinction between an
inmate=s request to appear in person and an inmate=s request to appear by video conference, particularly when, as here,
there is no evidence that the inmate has access to video conferencing
capabilities within the prison facility in which he is incarcerated.  In such cases, an inmate=s request to appear by a video conference that would require
transporting the inmate off prison grounds implicates the same Z.L.T.
factors regarding the protection of our correctional system=s integrity as an inmate=s request for a bench warrant. 
Accordingly, an inmate who seeks to appear by video conference has the
burden to demonstrate under the factors listed in Z.L.T. why he should
be permitted to appear by video conference, and the trial court has no
independent duty to evaluate such a request.[22]








Ringer=s motion is completely silent as to why he should be entitled to
appear by video conference.  Ringer failed
both in the trial court and in this court to explain Awhat his testimony would establish, why his testimony would be helpful
to his case, or how he was harmed by not being allowed to >give testimony= either by
personally appearing in court or by [video conference].@[23]  Nor did Ringer request that
the trial court permit him to appear by some other alternative means such as
through a telephone conference, by deposition, or by affidavit.[24]  We, therefore, conclude that the trial court
did not abuse its discretion in implicitly denying Ringer=s motion to appear by video conference.[25]

Conclusion

The trial court did not abuse
its discretion in implicitly denying Ringer=s motion for a bench warrant or, alternatively, to appear by video
conference.  Accordingly, the trial court=s order dismissing for want of prosecution is affirmed.

 

JOHN CAYCE

CHIEF JUSTICE

 

PANEL: 
CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DELIVERED: 
December 4, 2008                               











[1]In re
Z.L.T., 124 S.W.3d 163, 165 (Tex. 2003) (ABy proceeding to trial
without issuing the bench warrant, it is clear that the trial court implicitly
denied [the inmate=s]
request [for a bench warrant].@).





[2]Tex.
R. Civ. P. 165a; Villarreal v. San Antonio Truck & Equip., 994
S.W.2d 628, 630 (Tex. 1999); Sellers v. Foster, 199 S.W.3d 385, 390
(Tex. App.CFort
Worth 2006, no pet.).





[3]Tex.
R. Civ. P. 165a(1).





[4]Villarreal, 994
S.W.2d at 630; Sellers, 199 S.W.3d at 390B91.





[5]Z.L.T., 124
S.W.3d at 165; Sellers, 199 S.W.3d at 390; Smith v. McKee, 145
S.W.3d 299, 302 (Tex. App.CFort Worth 2004, no pet.).





[6]Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241B42
(Tex. 1985), cert. denied, 476 U.S. 1159 (1986).





[7]Id.





[8]See  Hudson v. Palmer, 468
U.S. 517, 523, 104 S. Ct. 3194, 3198 (1984).





[9]Z.L.T., 124
S.W.3d at 165.





[10]Id.





[11]Id. at
165B66
(citing cases).





[12]Id. at
166; see Tex. R. Civ. P. 21; Tex. R. App. P. 33.1(a)(1)(A).





[13]Z.L.T., 124
S.W.3d at 166.





[14]Id.





[15]See
id. (noting that only relevant information in bench warrant motion was
that prisoner was incarcerated Amore than 200 miles from the
trial court@).





[16]See
id.





[17]In re
D.D.J., 136 S.W.3d 305, 314 (Tex. App.CFort Worth 2004, no pet.).





[18]Id.
(quoting Dodd v. Dodd, 17 S.W.3d 714, 717 (Tex. App.CHouston
[1st Dist.] 2000, no pet.), disapproved in part on other grounds, Z.L.T.,
124 S.W.3d at 166)).





[19]Id. at
314; see also In re R.C.R., 230 S.W.3d 423, 426B27
(Tex. App.CFort
Worth 2007, no pet.).





[20]See
D.D.J., 136 S.W.3d at 313 (A[T]he trial court twice
expressly denied [the inmate=s] motion for a bench
warrant.  In both instances, the court
did not reference or expressly rule on his request to participate by
alternative means.@).





[21]See
Z.L.T., 124 S.W.3d at 165.





[22]See
id. at 166; see also Graves v. Atkins, No. 01-04-00423-CV, 2006 WL
3751612, at *3 (Tex. App.CHouston
[1st Dist.] Dec. 21, 2006, no pet.) (ATo be entitled to appear in
person or through video communications technology, . . . the burden rests
squarely on the prisoner‑inmate to request access to the court through
these alternate means and to demonstrate why a trial court should authorize
them.@).





[23]McCarroll
v. Tex. Dep=t of
Public Safety, 86 S.W.3d 376, 379B80
(Tex. App.CFort
Worth 2002, no pet.); see also In re B.R.G., 48 S.W.3d 812, 820 (Tex.
App.CEl
Paso 2001, no pet.) (noting that A[inmate] has not demonstrated
why [alternative] means would not have been effective, or how he has been
prevented from presenting his case to the trial court@).





[24]
B.R.G., 48 S.W.3d at 820; see also Graves, 2006 WL 3751612, at *3
(noting that inmate failed to move for reinstatement after dismissal of inmate=s
case for failure to appear).





[25]We
express no opinion on the inmate=s burden or the trial court=s
obligations when an inmate seeks to appear by other alternative means, such as
by telephone conference, affidavit, or deposition.