

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00260-CV

_____

APRIL POLLEFEYT, Appellant

V.

TEXAS HEALTH RESOURCES D/B/A ARLINGTON MEMORIAL HOSPITAL;
DR. JOSEPH BORRELLI; AND HOLLY DUNN, RN, Appellees

On Appeal from the 153rd District Court
Tarrant County, Texas
Trial Court No. 153-299269-18

Before Sudderth, C.J.; Gabriel and Birdwell, JJ.
Memorandum Opinion by Justice Birdwell
Dissenting Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

April Pollefeyt appeals from an order dismissing her health care liability suit for want of prosecution. Because Pollefeyt showed that her failure to attend the dismissal hearing resulted from an accident or mistake, we reverse the trial court's order.

## Procedural Background

On April 24, 2018, Pollefeyt filed a pro se suit against appellants Texas Health Resources d/b/a Arlington Memorial Hospital; Dr. Joseph Borrelli; and Holly Dunn, R.N. for negligence, "malice[,] flagrant assault[,] and fraud" arising from Pollefeyt's medical treatment at Arlington Memorial Hospital from April 16–21, 2016. With her petition, Pollefeyt filed a statement of inability to pay costs, which has never been challenged. The record does not show that any of the appellants have been served with citation in accordance with Rule 99. Tex. R. Civ. P. 99.[1]

On January 7, 2019, the trial judge sent Pollefeyt a letter stating that the case had been "set for dismissal for want of prosecution on **February 22, 2019 at**

---

[1]The person requesting service is responsible for ensuring that citation is properly served and that the return of service is reflected in the record. *See Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 153 (Tex. 1994). Pollefeyt claimed in many of her pleadings and in her brief that she had served appellants with the petition via certified mail. But such attempted service is invalid. *See* Tex. R. Civ. P. 103 (providing that only clerk of court in which case is pending may effect service by certified mail unless otherwise ordered by the trial court and that "no person who is a party to or interested in the outcome of a suit may serve any process in that suit"), 106(a)(2) (authorizing person allowed to serve process under Rule 103 to effect service via certified mail, return receipt requested); *Ikon Office Sols., Inc. v. Integrity Commc'ns, Ltd.*, No. 13-04-00243-CV, 2006 WL 1644670, at *3 (Tex. App.—Corpus Christi–Edinburg June 15, 2006, pet. denied) (mem. op.).

**9:30 a.m.** in the 153rd District Court pursuant to Rule 165a of the Texas Rules of Civil Procedure." The letter further advised that a motion to retain should be filed no later than 5:00 p.m. "the day before the dismissal hearing."

Pollefeyt timely filed a motion to retain the suit on the trial court's docket. She asserted that she was entitled to a default judgment because the appellants had been "properly served and [had] failed to answer." She offered no other explanation for the lack of activity in the case other than her entitlement to relief on the merits. Nevertheless, the trial judge signed an order on February 22, 2019, retaining the case on the court's docket.

On March 6, 2019, less than two weeks later, the trial court sent a second dismissal letter, identical to the first except for the hearing date:

> The above referenced cause of action is set for dismissal for want of prosecution on **May 17, 2019 at 9:30 a.m.** in the 153rd District Court pursuant to Rule 165a of the Texas Rules of Civil Procedure.
>
> Motions to retain must be filed no later than 5:00 p.m. on the day before the dismissal hearing. The Court will consider all motions to retain at the dismissal hearing.
>
> If a motion to retain is granted[,] a docket control order will be entered at the dismissal hearing.

Before May 17, 2019, Pollefeyt filed three motions to amend her pleading, purporting to serve all of these documents on appellants via e-filing. In one of the motions, filed just before noon the day before the dismissal hearing, she requested seven days "to perfect and amend [her] pleading and enter the [e]vidence and

3

necessary requirements to pursue [the] claim." She claimed that her "illness" resulting from the appellants' acts and omissions described in the health care liability claim had "made her unable to participate in trying to obtain the necessary elements needed to pursue" it.

On the day of the dismissal hearing, which Pollefeyt failed to attend, the trial judge signed an order dismissing the suit "for want of prosecution." Although there is no record of the hearing, the trial court's docket entry for that date states that Pollefeyt was a "no show" and had not filed a motion to retain.

Eleven days later, Pollefeyt filed a Motion to Retain Case to the Docket seeking reinstatement of the case. In that motion, which she electronically signed and attested to the truth of under penalty of perjury,[2] Pollefeyt asserted that she had mistakenly believed that her motion to amend her pleadings was sufficient to retain the case on the docket and that she did not realize the trial court had not granted her leave.[3] She

---

[2]*See* Tex. Civ. Prac. & Rem. Code Ann. § 132.001(a); Tex. R. Civ. P. 1, 21(f)(7); *Gillis v. Harris Cty.*, 554 S.W.3d 188, 192–93 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

[3]Specifically, she stated, "The act resulting in this dismissal was not intentional or an conscious act or conscious indifference but was an accident or mistake of the civil rules of procedure and the request for the court to allow me to take leave to amend the pleading and be granted that request if the request was made 24 hours prior to the hearing set for the dismissal in which I did not aware that the order was not signed to grant me that leave." Although this language is somewhat incoherent, construing it liberally, as courts must under the circumstances, we construe it as explaining that Pollefeyt thought filing the request to amend the pleading was the same thing as filing the motion to retain referenced in the dismissal letter and that she thought it would be granted as her prior motion had been.

4

also contended that the evidence she was going to attach to her pleadings "was lost temporarily [because] the lapt[o]p in which the . . . medical documentation was [located became] locked due to some unknown happening."

The trial court set the motion for a July 12, 2019 hearing. A note on the setting order indicates that it was emailed to Pollefeyt.

The day before the reinstatement hearing, Pollefeyt filed an unverified second motion to retain the case on the docket, in which she clarified that she had mistakenly thought that the trial court had extended the time for her to file a motion to retain before dismissing the suit and that the District Clerk had misled her into believing that service of her petition on the defendants by certified mail was sufficient.

The trial court's docket sheet[4] shows that on July 12, 2019, the trial court held a hearing but that the trial judge did not sign "any orders." It also notes that Pollefeyt had not filed a motion for new trial and that the trial court advised Pollefeyt to hire an attorney "ASAP"; a parenthetical connected to the attorney note states, "needed to get case on docket." Nothing in the record indicates that the trial judge considered evidence at the hearing, and according to the court reporter, no record of the hearing was taken.

Three days later, Pollefeyt filed a motion to vacate the trial court's dismissal order and another motion to amend her pleadings and reinstate the case. She also filed

---

[4]Pollefeyt's docketing statement filed with this court shows that there is no reporter's record and that Pollefeyt did not request one.

a document directed to the trial judge, not this court, stating her intention to "appeal[]" to the honorable court for an order vacating the order of dismissal and reinstating th[e] case on the docket." The District Clerk forwarded the document to this court as a notice of appeal.

Over the next week, Pollefeyt filed in the trial court a second statement of inability to pay costs, a motion to reinstate the case on the docket, another motion to retain, and a memorandum of law supporting her motion to retain. By July 31, 2019, the trial court still had not ruled on the motion to reinstate; thus, it was overruled by operation of law. *See In re R.C.M.*, Nos. 2-09-080-CV, 2-09-347-CV, 2010 WL 1267759, at *3 (Tex. App.—Fort Worth Apr. 1, 2010, no pet.) (mem. op.) (citing Tex. R. Civ. P. 165a(3)).

Nevertheless, the trial judge set the motion to reinstate for another hearing on August 9, 2019. The trial court's docket entry for that day shows that it held a hearing on the motion but that the court of appeals "has [the] case," and the trial court has "no plenary power."[5] Pollefeyt filed a motion for new trial on August 14, 2019; an amended notice of appeal addressed to this court on August 19, 2019; and a motion for judgment on her pleadings on August 21, 2019. The trial court did not rule on any of these motions.

---

[5]Contrary to this notation, the trial court's plenary power to reinstate the case ended on August 30, 2019, thirty days after the motion to reinstate was overruled by operation of law. *See R.C.M.*, 2010 WL 1267759, at *3.

6

**Dismissal Without Ruling on Default Judgment Request Was Proper,
But Denial of Reinstatement Motion Was Abuse of Discretion**

Pollefeyt challenges the dismissal in five issues,[6] contending that (1) the trial court failed to issue a scheduling order when it retained the case on February 22, 2019; (2) the trial court failed to grant her motion for a default judgment; (3) she had mistakenly assumed that the motion to amend she had filed the day before the dismissal hearing was sufficient to retain the suit on the trial court's docket; (4) the trial court failed to adequately notify her of its intent to dismiss the case for failure to attend the May 17, 2019 dismissal hearing and also erred by not granting her motions to retain and reinstate her case; and (5) the doctrine of res ipsa loquitur should apply to the underlying merits of her suit. We address only her dispositive issues.

**Pollefeyt not entitled to default judgment**

In her second issue, Pollefeyt contends that the trial court should have granted her pending motion for a default judgment against the appellants rather than dismiss the case. Rule 239 provides that a plaintiff is entitled to a default judgment if "the return of service [has] been on file with the clerk for the length of time required by Rule 107." Tex. R. Civ. P. 239; *see also* Tex. R. Civ. P. 124 ("In no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant, as prescribed in these rules, except where otherwise expressly provided by law or these rules."). Because the record does

---

[6]She numbers her issues differently in different parts of her brief. We follow the numbering she uses in her argument.

not show proper service on any appellant, the trial court did not abuse its discretion by not granting Pollefeyt's request for a default judgment. *See Gibson v. Tex. Dep't of Criminal Justice*, No. 11-17-00196-CV, 2019 WL 3333348, at \*2 (Tex. App.—Eastland July 25, 2019, no pet.) (mem. op.). We overrule her second issue.

**Dismissal proper but denial of reinstatement was abuse of discretion**

In her third issue, Pollefeyt contends that the trial court erred by dismissing her case after she had filed a motion seeking seven additional days to amend her pleadings, mistakenly believing either that the motion sufficed as a motion to retain or that the trial court would grant the motion. This was also the argument in her timely postdismissal reinstatement motion,[7] the denial of which she challenges in the remainder of her fourth issue, contending in part that the trial court deprived her of due process.

A party whose case is dismissed for want of prosecution may appeal both the dismissal and the denial of the reinstatement motion. *See Sellers v. Foster*, 199 S.W.3d 385, 390 (Tex. App.—Fort Worth 2006, no pet.). We review both the dismissal and the refusal to reinstate for an abuse of discretion. *Id.* In reviewing the refusal to reinstate, we must first look to the basis for dismissal. *Id.*

A trial court's authority to dismiss a suit for want of prosecution arises from two sources: Texas Rule of Civil Procedure 165a and the trial court's inherent

---

[7]Although Pollefeyt titled this motion, "Motion to Retain Case to the Docket," her requested relief was to reinstate the case. *See* Tex. R. Civ. P. 71 (requiring court to consider substance of motion rather than title).

8

authority to control its own docket. Tex. R. Civ. P. 165a; *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). By specifically referencing only Rule 165a in its dismissal letter, the trial court indicated its intent to dismiss under either Rule 165a(1) or (2). *See* Tex. R. Civ. P. 165a(1), (2); *Johnson-Snodgrass v. KTAO, Inc.*, 75 S.W.3d 84, 88–90 (Tex. App.—Fort Worth 2002, pet. dism'd); *Lopez v. Harding*, 68 S.W.3d 78, 79–80 (Tex. App.—Dallas 2001, no pet.); *see also Patterson v. Herb Easley Motors, Inc.*, No. 2-04-351-CV, 2005 WL 2044671, at *1, *3 (Tex. App.—Fort Worth Aug. 25, 2005, no pet.) (mem. op.); *see also Villarreal*, 994 S.W.2d at 630–31.

A trial court may dismiss a suit under Rule 165a if (1) a party seeking affirmative relief fails to appear for any hearing or trial of which the party had notice or (2) the case is not disposed of within the time standards promulgated by the Texas Supreme Court under its administrative rules. Tex. R. Civ. P. 165a(1), (2). Here, the trial court could not have properly dismissed under Rule 165a(2) because the Supreme Court's administrative time standards run from an "appearance date," Tex. R. Jud. Admin. 6.1(a), and no appellant has yet appeared or is legally obligated to appear, *see* Tex. R. Civ. P. 99(b)–(c), 120, 121–22. *See Maida v. Fire Ins. Exch.*, 990 S.W.2d 836, 841–42 (Tex. App.—Fort Worth 1999, no pet.). We will thus review whether the trial court correctly determined that its dismissal for failure to appear under Rule 165a(1) was proper.[8]

---

[8]When the order does not specify a particular reason for the dismissal, we will affirm only if a proper ground supports the dismissal. *See Fox v. Wardy*, 225 S.W.3d 198, 200 (Tex. App.—El Paso 2005, pet. denied).

Pollefeyt does not dispute that she failed to attend the May 17 hearing at which the trial court dismissed her case, but she does contend that she did not receive adequate notice of the trial court's intent to dismiss if she failed to attend that hearing. We disagree. Because the trial court's notice specifically referenced Rule 165a, it adequately informed Pollefeyt of the possibility of dismissal for her failure to appear. Thus, the initial dismissal was proper under Rule 165a(1). *See Polinard v. Medina*, No. 13-11-00403-CV, 2012 WL 2929617, at *4–5 (Tex. App.—Corpus Christi–Edinburg July 19, 2012, pet. denied) (mem. op.). We overrule Pollefeyt's third issue.

However, even after properly dismissing a case for want of prosecution for failure to appear, the trial court must grant a properly filed motion to reinstate if it finds "after a hearing[,] that the failure of the party or his attorney [to appear] was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." Tex. R. Civ. P. 165a(3); *Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995). This standard is essentially the same as that for setting aside a default judgment. *See Smith*, 913 S.W.2d at 468 (citing *Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124 (Tex. [Comm'n Op.] 1939)). Under this standard, conscious indifference must be more than mere negligence; even a deliberate failure to appear is not intentional or due to conscious indifference unless it is without adequate justification. *Id.* Proof of accident, mistake, or "other reasonable explanation" negates intent or conscious indifference

under Rule 165a. *Id.* Some excuse—not necessarily a good one—will suffice. *Milestone Operating, Inc. v. ExxonMobil Corp.*, 388 S.W.3d 307, 310 (Tex. 2012).

When a verified motion to reinstate reasonably explains the failure to appear at a dismissal hearing and the record contains no controverting evidence that the failure was intentional or the result of conscious indifference, the trial court abuses its discretion by denying the motion. *See S. Pioneer Prop. & Cas. Ins. v. Wilson*, No. 01-17-00444-CV, 2018 WL 3384558, at *3 (Tex. App.—Houston [1st Dist.] July 12, 2018, no pet.) (mem. op); *Dalmex, Ltd. v. Apparel Enters.*, 455 S.W.3d 241, 244 (Tex. App.—El Paso 2015, no pet.) (citing a *Craddock* new-trial case, *Strackbein v. Prewitt*, 671 S.W.2d 37, 38–39 (Tex. 1984), holding that trial and intermediate appellate courts were required to accept uncontroverted affidavit evidence of accident or mistake as true, even in absence of reporter's record of new-trial hearing).[9] Thus, if the explanation in

---

[9]In the absence of a clear indication in the record that the reinstatement hearing was evidentiary, we presume that the trial court allowed the motion to be overruled by operation of law based on the facts stated in the motion. *See Anambra State Cmty. in Hous., Inc. (ANASCO) v. Ulasi*, No. 14-16-01001-CV, 2018 WL 1611644, at *4 (Tex. App.—Houston [14th Dist.] Apr. 3, 2018, no pet.) (mem. op.) (citing *Vernco Constr., Inc. v. Nelson*, 460 S.W.3d 145, 150 (Tex. 2015)); *Ortiz v. Columbus Ins. Agency*, No. 04-07-00855-CV, 2008 WL 2923775, at *3 (Tex. App.—San Antonio July 30, 2008, no pet.) (mem. op.) (citing *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 782 (Tex. 2005)); *Maida*, 990 S.W.2d at 838 n.1 ("[A] motion to reinstate is similar to a motion for new trial, and thus, necessary only to develop facts that otherwise would not appear in the record."); *cf. Crown Asset Mgmt., LLC v. Burnett*, No. 05-07-01186-CV, 2008 WL 3197098, at *2 (Tex. App.—Dallas Aug. 8, 2008, no pet.) (mem. op.) (applying same principle to dismissal hearing, rather than reinstatement hearing); *Aviation Composite Techs., Inc. v. CLB Corp.*, 131 S.W.3d 181, 188 (Tex. App.—Fort Worth 2004, no pet.) (holding case properly presented to court of appeals even without reporter's record of severance hearing because trial court is not required to

the verified motion is adequate to show mistake or accident, the movant need not present evidence supporting it at the oral reinstatement hearing.[10] *Brooks-PHS Heirs, LLC v. Bowerman*, No. 05-18-00356-CV, 2019 WL 1219323, at *4 (Tex. App.—Dallas Mar. 15, 2019, pet. denied) (op. on reh'g) (citing *Dir., State Emps. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994)).

Pollefeyt contended in her motion to reinstate that she had mistakenly believed that her motion to amend her pleadings was sufficient to retain the case on the docket and that she did not realize the trial court had not granted it. This is a sufficient excuse to show that her failure to attend the hearing was not intentional or due to conscious indifference. *See, e.g.*, *S. Pioneer*, 2018 WL 3384558, at *2–3; *Microcheck Sys.,*

---

hold an evidentiary hearing before severing a case); *Retzlaff v. Retzlaff*, No. 03-01-00539-CR, 2002 WL 1804946, at *1 (Tex. App.—Austin Aug. 8, 2002, no pet.) (mem. op.) (holding that court reporter is not required to record nonevidentiary hearing). *But cf. Wells Fargo Bank, N.A. v. Edwards*, No. 04-11-00527-CV, 2012 WL 2021803, at *5 (Tex. App.—San Antonio June 6, 2012, no pet.) (mem. op.) (citing and relying on cases with similar facts in which intermediate courts upheld dismissals for want of prosecution *under trial court's inherent authority* when appellants did not bring forward record of dismissal hearing or reinstatement hearing); *Childress v. Casa Del Mar Ass'n*, No. 01-10-00913-CV, 2011 WL 5617939, at *5–7 (Tex. App.—Houston [1st Dist.] Nov. 17, 2011, pet. denied) (mem. op.) (same).

[10]From the trial court's docket entry, it appears the trial court held an oral hearing. Pollefeyt does not complain that this oral hearing was nonevidentiary. *Cf.* Tex. R. Civ. P. 165a(3) (requiring trial court to hold oral hearing on verified motion to reinstate); *Mortell v. Pruett*, No. 02-19-00123-CV, 2019 WL 5608236, at *1 & n.1 (Tex. App.—Fort Worth Oct. 31, 2019, no pet.) (mem. op.) (holding trial court erred by denying motion to reinstate without first holding oral hearing); *In re Marriage of Gilliam*, No. 12-12-00037-CV, 2012 WL 3991875, at *2 (Tex. App.—Tyler Sept. 12, 2012, no pet.) (mem. op.) (same); *Smith v. McKee*, 145 S.W.3d 299, 305 (Tex. App.—Fort Worth 2004, no pet.) (same).

*Inc. v. Smith*, No. 01-10-00169-CV, 2011 WL 1632180, at *4–5 (Tex. App.—Houston [1st Dist.] Apr. 28, 2011, no pet.) (mem. op.); *Clark v. Yarbrough*, 900 S.W.2d 406, 408–10 (Tex. App.—Texarkana 1995, writ denied). *But see Brown v. Bush*, No. 2-03-272-CV, 2004 WL 816319, at *1–2 (Tex. App.—Fort Worth 2004, pet. denied) (per curiam) (mem. op.) (affirming dismissal for want of prosecution under trial court's inherent authority when appellant had failed to serve defendants for the nine months the case had been on file and the trial court's dismissal notice specifically warned that trial court was considering dismissal for failure to effect service). Accordingly, the trial court abused its discretion by denying Pollefeyt's reinstatement motion.

We sustain Pollefeyt's fourth issue. Having done so, we need not address her first and fifth issues. *See* Tex. R. App. P. 47.1.

### Conclusion

Having concluded that the trial court abused its discretion by not reinstating the case and allowing Pollefeyt's motion to reinstate to be overruled by operation of law, we reverse the trial court's dismissal order and remand this case for further proceedings consistent with this opinion.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: April 16, 2020

13