**In the Interest of R.C.R., C.A.R., and M.R.R., Minor Children.**

No. 2–06–251–CV.

Court of Appeals of Texas, Fort Worth.

June 21, 2007.

Robert E. Ragland, Angleton, pro se.

Jonita Boyd Borchardt, Office of Atty. Gen., Austin, for Appellee.

Panel A: LIVINGSTON, HOLMAN, and GARDNER, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

In one issue, appellant Robert E. Ragland, a pro se inmate, appeals the trial court's dismissal of his case for want of prosecution. We reverse and remand.

### Background Facts

Beginning in November 2002 and continuing until May 2006, appellant filed numerous documents with the trial court clerk regarding a lien and subsequent levy on his aunt's bank account by the Attorney General's office for the collection of past-due child support owed by appellant.[1] Al-

---

1. Appellant's divorce and accompanying child support issues were filed and disposed of in the trial court in the 1980s.

though the account belonged to appellant's aunt, she had added his name to the account as a joint owner with right of survivorship. The levy occurred in September 2002. In a majority of the documents appellant filed, he stated that he is incarcerated.

On July 13, 2004, appellant filed an "Application for Writ of Habeas Corpus Ad Prosequendam and to Dismiss Enforcement of Child Support," which he characterized as a collateral attack on the contempt judgment supporting the Attorney's General's lien and levy on the bank account. That same day, he also filed a motion to suspend the rules in which he asked to file only one copy of all documents because he was not allowed access to a copier in prison. After filing an unsuccessful mandamus with the court of criminal appeals asking that it order the trial court to rule on the application for writ of habeas corpus, appellant filed a *motion to amend the application* with the trial court, asking that the court consider the writ application as an "Application in Dispute of Obligor's Child Support Arrearages and The Attorney General Illegally Issued a Lien."

On January 6, 2006, appellant filed a petition to set hearing pursuant to section 157.323 of the family code in which he again complained about the lien and levy on his aunt's bank account.[2] He also asked that the trial court bench warrant him back to Denton County so that he could testify regarding the matter. That same day, he filed an application to proceed as an indigent, to which he attached a printout showing the then current balance in his inmate trust account, and another motion to suspend the rules regarding copies because, as an inmate, he could not access a copier.

On March 16, 2006, appellant sent a letter to the trial court clerk asking if the clerk's office had "endorsed on the document the date of [r]eceipt[,] ... [i]ssued a[d]ocket [n]umber[,] ... [and] notif[ied] all parties of the [r]eceipt of the document."[3] He filed a similar letter with the same request on April 26, 2006, in which he also requested that the trial court "issue a[s]ubmission date and [r]ule on said Petition in a[r]easonable [r]equired time and/or the next Motion/Petition day of Court." Nothing in the record shows whether these letters were presented to the trial court.

On May 23, 2006, appellant sent a letter to the district clerk in which he acknowledged receiving a "Notice of Non-Jury Dismissal Setting on May 11, 2006"[4] and asked the clerk to file the accompanying "Petitioner's Motion for Bench Warrant For Docket Call and/or Motion For

---

**2.** In a letter to the trial court clerk accompanying this petition, appellant asked the trial court clerk to send a copy to "Child Support Division Special Collections Unit, Mr. Stephen F. Mckenna, P.O. Box 18010, San Antonio, Texas 78218-0010."

**3.** Nothing in the record shows that appellant served the document, or any of the other documents he filed, on the Attorney General's office or his ex-wife.

**4.** This letter is not included in the appellate record, and the trial court clerk has informed us that at the time the letter was sent, the trial

court did not file such dismissal docket notice letters. However, appellant has attached a copy of the letter to his brief, which we construe as a concession that appellant received notice of the trial court's intent to dismiss. *See Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 629–30 (Tex.1999) (holding that trial court must provide prior notice of its intent to dismiss and relying on concession in appellees' brief that appellant and his attorney appeared at docket call hearing even though appellate record did not contain a reporter's record from the docket call hearing).

Hearing By Conference Call." In that motion, appellant explained that he is incarcerated and unable to personally appear before the court. He asked the trial court to bench warrant him so that he could personally appear at the court's docket call on June 21, 2006, or, alternatively, to allow him to testify via telephone or to present evidence via affidavit. At the end of the motion is the handwritten notation, "May 25, 2006 Denied," followed by the trial judge's signature. There is no indication that appellant was ever informed of the denial of his motion.

On June 22, 2006, the trial court signed an order dismissing appellant's case for want of prosecution because "[o]n the 21st day of June, 2006, the ... case [was] reached on the Court's Dismissal Docket and no appearance [was] made." Appellant filed this appeal in which he complains about the trial court's dismissing his case for failure to appear without providing him with a means to appear.

### Analysis

■ A trial court has authority to dismiss a case for want of prosecution under either rule 165a of the Texas Rules of Civil Procedure or the court's inherent power to maintain and control its docket. TEX.R. CIV. P. 165a; see Villarreal, 994 S.W.2d at 630; Sellers v. Foster, 199 S.W.3d 385, 390 (Tex.App.-Fort Worth 2006, no pet.). A trial court may dismiss under rule 165a on the "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice," or when a case is "not disposed of within time standards promulgated by the Supreme Court." TEX.R. CIV. P. 165a(1)-(2); Villarreal, 994 S.W.2d at 630; Sellers, 199 S.W.3d at 390. A trial court may dismiss under its inherent power when a plaintiff fails to prosecute his or her case with due

diligence. Villarreal, 994 S.W.2d at 630; Sellers, 199 S.W.3d at 390-91.

■ We review a trial court's dismissal for want of prosecution under an abuse of discretion standard. Sellers, 199 S.W.3d at 390; Smith v. McKee, 145 S.W.3d 299, 302 (Tex.App.-Fort Worth 2004, no pet.).

■ Although an inmate does not have an automatic right to appear personally in court, he or she does not automatically lose the right to access the courts by virtue of being incarcerated. In re Z.L.T., 124 S.W.3d 163, 165 (Tex.2003); In re D.D.J., 136 S.W.3d 305, 311 (Tex.App.-Fort Worth 2004, no pet.). "The right of a prisoner to have access to the courts entails not so much his personal presence as the opportunity to present evidence or contradict the evidence of the opposing party." D.D.J., 136 S.W.3d at 314 (quoting Dodd v. Dodd, 17 S.W.3d 714, 717 (Tex. App.-Houston [1st Dist.] 2000, no pet.), disapproved of on other grounds by Z.L.T., 124 S.W.3d at 166)). Thus, if a court determines that a pro se inmate in a civil action is not entitled to leave prison to appear personally in court, the inmate should be allowed to proceed by affidavit, deposition, telephone, or other means. See, e.g., Sweed v. City of El Paso, 139 S.W.3d 450, 452 (Tex.App.-El Paso 2004, no pet.); D.D.J., 136 S.W.3d at 314; Boulden v. Boulden, 133 S.W.3d 884, 886-87 (Tex.App.-Dallas 2004, no pet.).

■ Here, the trial court's order states that the court dismissed appellant's case because he failed to appear at the June 21, 2006 hearing. However, appellant was unable to appear personally because he was incarcerated and because the trial court denied his request for a bench warrant. In addition, appellant was unable to appear by alternative means, such as by telephone or affidavit, because the trial court denied his motion to appear by

such alternative means.[5] Thus, the trial court dismissed appellant's case for failure to appear without providing appellant any means to appear.[6] This is fundamentally unfair and denied appellant access to the courts. *See Sweed,* 139 S.W.3d at 454–55 (McClure, J., concurring) ("[I]t is fundamentally unfair to order Sweed to appear at a mandatory dismissal hearing, ignore his request to appear at the hearing either telephonically or by videoconference technology, and then dismiss his case for the sole reason that he failed to appear at the mandatory hearing."); *Boulden,* 133 S.W.3d at 886–87. Moreover, by refusing to allow appellant to appear by alternative means, the trial court denied appellant the opportunity to be heard before a dismissal for lack of service or any other reason based on the court's inherent power or on appellant's failure to comply with the Denton County standards for timely disposition of cases. *See Villarreal,* 994 S.W.2d at 630 ("[A] party must be provided with notice *and an opportunity to be heard* before a court may dismiss a case for want of prosecution under either Rule 165a or its inherent authority.") (emphasis added); *Franklin v. Sherman ISD,* 53 S.W.3d 398, 401 (Tex.App.-Dallas 2001, pet. denied) (holding that both notice and an oral hearing are necessary to ensure dismissed claimant has received due process). We sustain appellant's sole issue.

## Conclusion

Having sustained appellant's sole issue, we reverse the trial court's judgment dismissing appellant's case for failure to ap-

pear and remand the case to the trial court for further proceedings.

---

5. The copy of the trial court's notice attached to appellant's brief is the same notice sent to the appellant in *Smith,* 145 S.W.3d at 303. That notice states that the trial court will not accept scheduling orders for purposes of the dismissal docket hearing via mail. *Id.*

6. As the Texarkana Court of Appeals noted in *In re Marriage of Buster,* "[s]eemingly, there was a complete breakdown in communication between the trial court and [appellant], and because of [appellant's] status as an indigent and an inmate, he could not reasonably remedy the situation." 115 S.W.3d 141, 145 (Tex. App.-Texarkana 2003, no pet.).