Affirmed and Memorandum Opinion filed January 15, 2009








Affirmed and Memorandum Opinion filed January 15, 2009.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00992-CV

_______________

 

KIRBY GARDNER, Appellant

 

V.

 

TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL
INSTITUTIONS DIVISION, NATHANIEL QUARTERMAN, JACKIE EDWARDS, JAMES W.
MOSSBARGER, AND SHARON FOX, Appellees

                                                                                                
                                               

On Appeal from the 412th District Court

Brazoria County, Texas

Trial Court Cause No. 45049

                                                                                                                                               


 

M E M O R A N D U M  O P I N I O N








Appellant,
Kirby Gardner, an inmate in a state correctional facility, filed this pro se, in
forma pauperis suit naming the following as defendants: Texas Department of
Criminal Justice, Correctional Institutions Division (ATDCJ@); Nathaniel Quarterman and Jackie
EdwardsCpurportedly directors with TDCJ;
James W. MossbargerCallegedly the warden of appellant=s facility; and Sharon Fox, a Justice
of the Peace in Brazoria County, Texas.  Three days later, the trial court sua
sponte signed an order dismissing the suit with prejudice on the ground it had
no arguable basis in law.  In his sole issue, appellant contends the trial
court erred by dismissing his suit.  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion and affirm.  See Tex.
R. App. P. 47.4.

I.  Applicable Law and Standard of Review

Chapter
14 of the Texas Civil Practice and Remedies Code governs inmate in forma
pauperis suits.  See Tex. Civ. Prac. & Rem. Code Ann. '' 14.001B.014 (Vernon 2002).  A court may
dismiss such a claim before or after service of process if it is frivolous or
malicious.  Id. ' 14.003(a)(2).  In determining whether a claim is frivolous
or malicious, the court may consider, among other grounds, whether the claim
has no arguable basis in law.  Id. ' 14.003(b)(2).

Apparently,
the trial court dismissed the present suit before service of process and
without a hearing.  In the order, the trial court did not explicitly state that
appellant=s claims were  Afrivolous.@  Rather, the trial court dismissed the suit because 
appellant Afailed to state a cause of action as a matter of law.@  We have interpreted identical
language as a dismissal based on a finding that claims are frivolous because
they have no arguable basis in law.  See Minix v. Gonzales, 162
S.W.3d 635, 637 (Tex. App.CHouston [14th Dist.] 2005, no pet.).  Further, although a
trial court generally has broad discretion to determine whether an inmate=s suit should be dismissed, when a
court dismisses a claim as frivolous without conducting a fact hearing, we may
affirm only if the claim has no arguable basis in law.  Retzlaff v. Tex.
Dept. of Criminal Justice, 94 S.W.3d 650, 653 (Tex. App.CHouston [14th Dist.] 2002, pet.
denied); Denson v. T.D.C.J.-I.D., 63 S.W.3d 454, 459 (Tex. App.CTyler 1999, pet. denied).








We apply
a de novo standard when reviewing whether a claim has an arguable basis in law.
 Minix, 162 S.W.3d at 637; Retzlaff, 94 S.W.3d at 653.  We
examine the claims asserted and the relief requested Ato determine whether, as a matter of
law, the petition stated a cause of action that would authorize relief.@  Spurlock v. Johnson, 94
S.W.3d 655, 658 (Tex. App.CSan Antonio 2002, no pet.); see Denson, 63 S.W.3d at
459.  To have no arguable basis in law, a claim must be based on Aan indisputably meritless legal
theory@ or  wholly incredible or irrational
factual allegations.  Minix, 162 S.W.3d at 637.  An inmate=s claim may not be dismissed merely
because the court considers the allegations Aunlikely.@  Id.

II.  Analysis

Appellant=s present suit is based on appellees= alleged actions with respect to a 
different case.  In his petition in the present suit, appellant asserted the
following factual allegations.  He previously filed a case in the justice court
where appellee, Sharon Fox, presides.  In that case, appellant alleged
appellees, TDCJ, Quarterman, Edwards, and Mossbarger, confiscated appellant=s personal property without just
compensation and refused to provide effective administrative remedies for its
return.  Judge Fox sent a notice advising the parties to appear in court at a
certain time and warning that appellant=s failure to appear would result in
dismissal of his case.  Appellant sought, but did not obtain, a bench warrant
from Judge Fox ordering the TDCJ officials to transport him to the courthouse
for the hearing.  The TDCJ officials did not transport appellant to the
courthouse or facilitate his participation by telephone.  Because he failed to
appear, Judge Fox dismissed the case with prejudice for want of prosecution.








In the
present suit, appellant pleaded that all appellees violated (1) article 1,
sections 13, 17, 19, and 27 of the Texas Constitution and (2) article IV,
section 2 and the first, seventh, ninth, and fourteenth amendments of the
United States Constitution.[1]  Appellant
also asserted a cause of action against Judge Fox and the TDCJ officials in
their individual capacities under 42 U.S.C. section 1983, which provides a
remedy for violations of federal rights committed by persons acting under color
of state law.  See 42 U.S.C. ' 1983; Denson, 63 S.W.3d at
461.[2] 
In essence, appellant=s complaints were all based on appellees= alleged denial of appellant=s constitutional right to access the
courts. Appellant sought monetary damages and equitable relief.  We will
address the claims against Judge Fox and the TDCJ appellees separately because
our analysis as to these parties is different.[3]

A.        Judge Fox

In his
petition in the present suit, appellant complained that Judge Fox denied
appellant=s constitutional right to access the courts by (1) dismissing the justice
court case despite her knowledge that his inmate status rendered him unable to
appear for the hearing, (2) failing to issue a writ to facilitate his
appearance, and (3) failing to provide alternative means for appellant to
prosecute the suit, such as participation via filings or telecommunication.  On
appeal, appellant concedes his claims for monetary damages against Judge Fox
are barred by the doctrine of judicial immunity and challenges only the
dismissal of his request for equitable relief.








Although
an inmate does not have an automatic right to appear personally in every court
proceeding, he does not lose the right to access the courts simply because he
is incarcerated.  In re Z.L.T., 124 S.W.3d 163, 165 (Tex. 2003); In
re R.C.R., 230 S.W.3d 423, 426 (Tex. App.CFort Worth 2007, no pet.).  An inmate
requesting a bench warrant must justify the need for his physical presence. 
In re Z.L.T., 124 S.W.3d at 166.  The right of a prisoner to access the
courts entails not so much his personal presence as the opportunity to present
evidence or contradict evidence of the opposing party.  R.C.R., 230
S.W.3d at 426.  Thus, if a court determines that a pro se inmate in a civil
action is not entitled to leave prison to appear personally in court, the
inmate should be allowed to proceed by affidavit, deposition, telephone, or other
means. Id.; Boulden v. Boulden, 133 S.W.3d 884, 886B87 (Tex. App.CDallas 2004, no pet.).

Even if
Judge Fox denied appellant=s constitutional right to access the courts, his claim for
equitable relief in the present suit had no arguable basis in law because of
the particular relief requested.  Notably, the present suit was not an appeal
from Judge Fox=s dismissal of appellant=s justice court case or a petition for writ of mandamus
compelling Judge Fox to take certain actions in that case.  C.f., e.g., R.C.R.,
230 S.W.3d 423 (reversing trial court=s dismissal of inmate=s civil complaint for want of
prosecution based on his non-appearance as required at hearing where trial
court failed to issue requested bench warrant or permit appearance by alternative
means); Boulden, 133 S.W.3d 884 (same).  Rather, this is a separate
suit, in which appellant merely sought Aequitable relief as the court deem
[sic] appropriate to prevent same occurrence and/or retaliation against
[appellant=s] person.@








Apparently,
appellant sought an injunction from the trial court requiring Judge Fox to
ensure appellant=s appearance personally or by alternative means at future
proceedings in cases he may file in her justice court.  However, appellant
cites no authority allowing a court to issue an injunction compelling the judge
of another court to take a particular action in some unknown potential suit. 
To the contrary, to obtain an injunction, a plaintiff must prove, among other
elements, a wrongful act and existence of imminent harm.  Jim Rutherford
Invs., Inc. v. Terramar Beach Cmty. Ass=n, 25 S.W.3d 845, 849 (Tex. App.CHouston [14th Dist.] 2000, pet.
denied).  A>An injunction will not lie to prevent an alleged
threatened act, the commission of which is speculative and the injury from
which is purely conjectural.=@  Democracy Coal. v. City of
Austin, 141 S.W.3d 282, 296 (Tex. App.CAustin 2004, no pet.) (quoting
Markel v. World Flight, Inc., 938 S.W.2d 74, 80 (Tex. App.CSan Antonio 1996, no writ)).  Whether
there is a threat of imminent harm is a legal determination resting with the
court.  Id.  Appellant=s request for relief presupposed he will file another suit
mandating his appearance and Judge Fox will fail to issue a bench warrant or
other pertinent order.  Consequently, appellant sought to prevent an alleged
future act that is entirely speculative. 

To the
extent appellant requested equitable relief to prevent Aretaliation,@ he pleaded no supporting factual
allegations.  He did not allege Judge Fox committed or threatened any
retaliation.  His only mention of Aretaliation@ was in his request for relief.  

Accordingly,
the trial court properly dismissed appellant=s claims against Judge Fox on the
ground they lacked an arguable basis in law.

B.        The TDCJ
Appellees

 In his
petition in the present suit, appellant complained that the TDCJ appellees
violated appellant=s constitutional right to access the courts by failing to
authorize his transportation to the justice court hearing or facilitate his
participation by telephone. 

Preliminarily,
we note appellant did not allege he requested that the TDCJ officials transport
him to the hearing or facilitate his participation by telephone.  Appellant
merely suggested the officials should have ensured his participation because
they purportedly received notice of the hearing as parties to the justice court
case.








Nevertheless,
the authorities we have cited make clear that it is the trial judge who
determines whether an inmate may appear for a hearing either personally or by
alternative means and issues a bench warrant or other appropriate order.  See
R.C.R., 230 S.W.3d at 426B27; Boulden, 133 S.W.3d at 886B87.  As we have explained, appellant
expressly alleged Judge Fox did not issue a bench warrant or other
order.  Any notice of hearing provided to the officials, as parties to the
justice court case, did not equate to an order from Judge Fox requiring the
officials to facilitate appellant=s participation. 

Appellant
cites no authority establishing the officials were required, or even allowed,
to remove him from confinement and transport him to the courthouse, or facilitate
his participation by telephone, absent a court order compelling such action. 
Citing Bounds v. Smith, 430 U.S. 817 (1977), appellant advances the
general proposition that prison officials have a constitutional obligation to
provide adequate, effective, and meaningful assistance to aid a prisoner in
pursuing a legal claim.  However, the full holding of Bounds was, Athe fundamental constitutional right
of access to the courts requires prison authorities to assist inmates in the
preparation and filing of meaningful legal papers by providing prisoners with
adequate law libraries or adequate assistance from persons trained in the law.@ Id. at 828.[4] 
Bounds is not controlling because the holding did not concern an inmate=s complaint that prison officials
failed to facilitate his appearance at a court hearing in a civil suit.  See
id.

Therefore,
we conclude appellant=s claims that the TDCJ appellees violated his constitutional
right to access the courts lacked an arguable basis in law. Consequently, the
trial court did not err by dismissing appellant=s claims against the TDCJ appellees.

We
overrule appellant=s sole issue and affirm the trial court=s order of dismissal.

 

 

/s/        Charles
W. Seymore

Justice

Panel consists of
Justices Yates, Seymore, and Boyce.









[1]  In the introductory paragraph of his petition,
appellant also contended he was denied rights under Texas Government Code
section 501.007 and the Fourth Amendment to the United States Constitution. 
However, in the body of his petition, appellant did not cite these provisions
when specifically outlining his causes of action.  Further, he does not mention
these provisions on appeal.  Thus, he has waived a challenge to dismissal of
any claims under these provisions.  See Tex. R. App. P. 38.1(h)
(providing, appellant=s brief must contain clear and concise argument for
contentions made, with appropriate citations to authorities and record);  Sunnyside
Feedyard, L.C. v. Metropolitan Life Ins. Co., 106 S.W.3d 169, 173 (Tex.
App.CAmarillo 2003, no pet.) (recognizing appellant=s failure to brief issue results in waiver on appeal).





[2]  On appeal, appellant also suggests the TDCJ
appellees are liable under the Texas Tort Claims Act, but he did not plead a
cause of action under this act.  





[3] We note that not all constitutional provisions cited
by appellant concern a right to access the courts. For instance, he cites the
portion of Article IV, Section 2 of the federal constitution providing, AThe Citizens of each State shall be entitled to all
Privileges and Immunities of Citizens in the several States.@  U.S. Const. art. IV, ' 2.  Nevertheless, to the extent appellant contended appellees violated
provisions guaranteeing the right to access the courts, we conclude his claims
lacked an arguable basis in law.





[4]  The Supreme Court has since narrowed and further
defined the scope of Bounds with respect to an inmate=s rights and obligations of prison officials.  See
Lewis v. Casey, 518 U.S. 343 (1996).  We need not discuss the scope of Bounds
because it is inapplicable to the present case.