MEMORANDUM OPINION


No. 04-08-00221-CV



Sergio ALANIS, Sr. and Maria Guadalupe Alanis,


Appellants



v.



Jesus Maria ALVAREZ and Alvarez & Associates,


Appellees



From the 381st Judicial District Court, Starr County, Texas


Trial Court No. DC-00-328


Honorable Jose Luis Garza, Judge Presiding



Opinion by: Marialyn Barnard, Justice


Sitting: Sandee Bryan Marion, Justice

 Phylis J. Speedlin, Justice

 Marialyn Barnard, Justice


Delivered and Filed: April 8, 2009


REVERSED AND REMANDED

 Sergio Alanis, Sr. and Maria Guadalupe Alanis appeal the trial court's order dismissing the
underlying cause for lack of prosecution. Because Maria Guadalupe Alanis stated on the record in
an abatement hearing that she did not wish to proceed with the appeal, we will refer exclusively to
Sergio Alanis, Sr. as the appellant in this opinion. In two issues on appeal, Alanis contends the trial
court: (1) erred in dismissing the underlying cause; and (2) constructively deprived him of access to
the court. We sustain Alanis's issues, reverse the trial court's order, and remand the cause to the trial
court for further proceedings.

Background


 Alanis filed the underlying cause against Jesus Maria Alvarez and Alvarez & Associates
(collectively referred to herein as "Alvarez") asserting claims for breach of fiduciary duty and fraud. 
On August 16, 2005, Alanis filed a motion for summary judgment based on Alvarez's deemed
admissions. In the cover letter accompanying the motion, Alanis stated, "I am going to need to
schedule this for submission on the Court's submission docket, without the necessity for an oral
hearing." The reason for requesting submission without an oral hearing was apparently because
Alanis was an inmate in federal custody.

 In a letter dated October 13, 2005, Alanis provided the trial court with a form order to set his
motion for summary for hearing. The letter further stated:

 A conference call is referenced relative to my appearance. When I have a
signed Order I can get with my counselor at the prison, Mr. Smith, and make the
arrangements for the conference call. When I have those arrangements made I will
notify the Court by mail of the arrangements, the call that needs to be made by the
Court at the time of the hearing, and who those arrangements will be made through
for that date.


 In a letter addressed to the Honorable John A. Pope, III, dated January 12, 2006, Alanis
asserted that two of his pending motions would be dispositive of his case. The letter stated that the
form order provided in the letter dated October 13, 2005, was in response to correspondence from
the court. The letter asserted, "The only barrier to this case proceeding to judgment is this Court's
refusal to schedule the motion for summary judgment for a hearing, and this Court's failure to enter
summary judgment on submission."

 Judge Pope responded to Alanis by letter dated January 25, 2006, noting the language in the
form order referring to Alanis appearing by telephonic conference. Judge Pope asserted, "At no time
have I advised you that your presence was not necessary. I do not have hearings without the parties
being present, an attorney appearing for them, or a valid reason for their absence." Judge Pope
concluded that although he would consider Alanis's motion, he would not provide for a telephonic
hearing.

 Alanis responded to Judge Pope by letter dated February 6, 2006, stating that he was unaware
that Judge Pope did not allow a party to appear by telephone conference. Alanis further stated that
he was enclosing "an application for a writ of habeas corpus ad prosequendum so the Clerk of the
Court can issue a writ for the purpose of transferring me from federal custody into the custody of the
Starr County Sheriff, to be transferred to your Court, there to remain until the proceedings are
completed." In his application for the writ, Alanis requested that he be permitted to appear at the
summary judgment hearing based on the court's "policy of requiring all parties to proceedings to
appear at hearings."

 Judge Pope responded to Alanis by letter dated February 21, 2006, stating that he did not
know whether he had the authority to use county funds to have Alanis transported for the prosecution
of his civil case. Judge Pope requested that Alanis research the matter and advise.

 Alanis responded to Judge Pope by letter dated April 7, 2006, asserting that the problem had
arisen from Judge Pope's rule that required him to appear in person. Alanis noted that a possible
alternative means of access would be to permit him to appear by telephone conference and renewed
his request for such arrangements. Another alternative Alanis suggested was for the trial court to
rule on his motion for summary judgment without a hearing.

 By letter dated May 22, 2006, Alanis advised the court that no action had been taken in
response to his April 7, 2006 correspondence. The record is unclear whether additional
correspondence or documents were filed from May 22, 2006 to January 23, 2007; however, on
January 16, 2007, Alanis sent a letter addressed to the Honorable Jose Luis Garza. The letter
congratulated Judge Garza and noted that Judge Pope had been unwilling to allow his case to
proceed to judgment absent Alanis's appearance at a hearing on the motion for summary judgment. 
The letter further noted Judge Pope's unwillingness to allow Alanis to appear by telephone
conference. The letter requested that Judge Garza schedule the summary judgment hearing and
allow him to appear by telephone conference.

 On February 6, 2007, the trial court sent the parties a notice setting Alanis's motion for
summary judgment for hearing on February 20, 2007. The notice stated that the failure to appear
would result in dismissal of the cause. A second notice of hearing was sent on February 21, 2007,
apparently rescheduling the hearing for April 9, 2007.

 On March 5, 2007, Alanis sent a letter to Judge Garza, noting that he had made a request to
appear at the February 20, 2007 hearing telephonically; "however, without the assistance of the
Bureau of Prisons staff, [he] was unable to appear." The letter renewed Alanis's request to appear
telephonically at the hearing rescheduled for April 9, 2007. On March 27, 2007, Alanis also filed 
an application for a writ to personally appear at the hearing.

 On April 11, 2007, the trial court called the motion for summary judgment for hearing. The
record is unclear why the hearing was called on April 11, 2007, instead of April 9, 2007. Mrs.
Alanis was present at the hearing, and the following exchange occurred:

 THE COURT: I received from your husband, ma'am, an application for writ of
habeas corpus prosecundum [sic].

 (The Court interpreted for Ms. Alanis what the Court had stated).

 (Reporter's note: The following was interpreted by the Court Reporter for the
record).

 THE COURT: In this document he asks for the Court to bring him over there.

 MS. ALANIS: Si.

 THE COURT: One, this is not a criminal case. It's a civil case. Okay. I don't think
I have the power to bring him, one. Two, even if I could bring him, I'm not going to
waste the County's money to bring him in a civil case or private case. You
understand? It costs for me to bring him down. What I'm saying is, I'm not going
to bring him down. Okay. The past two times you've been here I asked to receive
a letter for you to personally have authority to proceed forward on this case. This
case is pending for seven years. Okay. I simply am trying to give you an opportunity
so that you could have your day in Court so you could try and prove this case.

 THE INTERPRETER: He didn't want to send a letter, mail a letter. Go ahead and
give him some Court dates by 'phone.

 THE COURT: I need to see him personally when he's testifying so I can make a
determination or decision in my mind if I think he's telling me the truth or not. By
telephone I can't make a determination. Do you understand me?


The court then concluded the hearing by stating it was going to dismiss the cause for want of
prosecution. Alanis subsequently appealed the trial court's dismissal order.

Discussion


 We review a trial court's dismissal for want of prosecution under an abuse of discretion
standard. In re R.C.R., 230 S.W.3d 423, 426 (Tex. App.--Fort Worth 2007, no pet.); Pedraza v.
Crossroads Security Sys., 960 S.W.2d 339, 342 (Tex. App.--Corpus Christi 1997, no pet.). 
Although an inmate does not have an absolute right to appear in person at every court proceeding,
he cannot be denied access to the courts simply because he is an inmate. In re Z.L.T., 124 S.W.3d
163, 165 (Tex. 2003); In re R.C.R., 230 S.W.3d at 426. Although trial courts can consider a variety
of factors in deciding whether to grant an inmate's request for a bench warrant, if the court
determines that a pro se inmate in a civil action is not entitled to leave prison to appear personally
in court, the inmate should be allowed to proceed by affidavit, deposition, telephone, or other means. 
In re R.C.R., 230 S.W.3d at 426; In re Ramirez, 994 S.W.2d 682, 684 (Tex. App.--San Antonio
1998, orig. proceeding).

 In this case, the trial court denied Alanis's request for a bench warrant and his motion to
appear by alternative means. "Thus, the trial court dismissed [Alanis's] case for failure to appear
without providing [Alanis] any means to appear." In re R.C.R., 230 S.W.3d at 427. "This is
fundamentally unfair and denied [Alanis] access to the courts." Id. Accordingly, we sustain Alanis's
issues and reverse the trial court's order.

Conclusion


 The trial court's order is reversed, and the cause is remanded to the trial court for further
proceedings.

 Marialyn Barnard, Justice