Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-08-00221-CV

Sergio **ALANIS**, Sr. and Maria Guadalupe Alanis,
Appellants

v.

Jesus Maria **ALVAREZ** and Alvarez & Associates,
Appellees

From the 381st Judicial District Court, Starr County, Texas
Trial Court No. DC-00-328
Honorable Jose Luis Garza, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
Marialyn Barnard, Justice

Delivered and Filed:  April 8, 2009

REVERSED AND REMANDED

Sergio Alanis, Sr. and Maria Guadalupe Alanis appeal the trial court's order dismissing the

underlying cause for lack of prosecution.  Because Maria Guadalupe Alanis stated on the record in

an abatement hearing that she did not wish to proceed with the appeal, we will refer exclusively to

Sergio Alanis, Sr. as the appellant in this opinion.  In two issues on appeal, Alanis contends the trial

court: (1) erred in dismissing the underlying cause; and (2) constructively deprived him of access to the court. We sustain Alanis's issues, reverse the trial court's order, and remand the cause to the trial court for further proceedings.

## BACKGROUND

Alanis filed the underlying cause against Jesus Maria Alvarez and Alvarez & Associates (collectively referred to herein as "Alvarez") asserting claims for breach of fiduciary duty and fraud. On August 16, 2005, Alanis filed a motion for summary judgment based on Alvarez's deemed admissions. In the cover letter accompanying the motion, Alanis stated, "I am going to need to schedule this for submission on the Court's submission docket, without the necessity for an oral hearing." The reason for requesting submission without an oral hearing was apparently because Alanis was an inmate in federal custody.

In a letter dated October 13, 2005, Alanis provided the trial court with a form order to set his motion for summary for hearing. The letter further stated:

> A conference call is referenced relative to my appearance. When I have a signed Order I can get with my counselor at the prison, Mr. Smith, and make the arrangements for the conference call. When I have those arrangements made I will notify the Court by mail of the arrangements, the call that needs to be made by the Court at the time of the hearing, and who those arrangements will be made through for that date.

In a letter addressed to the Honorable John A. Pope, III, dated January 12, 2006, Alanis asserted that two of his pending motions would be dispositive of his case. The letter stated that the form order provided in the letter dated October 13, 2005, was in response to correspondence from the court. The letter asserted, "The only barrier to this case proceeding to judgment is this Court's refusal to schedule the motion for summary judgment for a hearing, and this Court's failure to enter summary judgment on submission."

Judge Pope responded to Alanis by letter dated January 25, 2006, noting the language in the form order referring to Alanis appearing by telephonic conference. Judge Pope asserted, "At no time have I advised you that your presence was not necessary. I do not have hearings without the parties being present, an attorney appearing for them, or a valid reason for their absence." Judge Pope concluded that although he would consider Alanis's motion, he would not provide for a telephonic hearing.

Alanis responded to Judge Pope by letter dated February 6, 2006, stating that he was unaware that Judge Pope did not allow a party to appear by telephone conference. Alanis further stated that he was enclosing "an application for a writ of habeas corpus ad prosequendum so the Clerk of the Court can issue a writ for the purpose of transferring me from federal custody into the custody of the Starr County Sheriff, to be transferred to your Court, there to remain until the proceedings are completed." In his application for the writ, Alanis requested that he be permitted to appear at the summary judgment hearing based on the court's "policy of requiring all parties to proceedings to appear at hearings."

Judge Pope responded to Alanis by letter dated February 21, 2006, stating that he did not know whether he had the authority to use county funds to have Alanis transported for the prosecution of his civil case. Judge Pope requested that Alanis research the matter and advise.

Alanis responded to Judge Pope by letter dated April 7, 2006, asserting that the problem had arisen from Judge Pope's rule that required him to appear in person. Alanis noted that a possible alternative means of access would be to permit him to appear by telephone conference and renewed his request for such arrangements. Another alternative Alanis suggested was for the trial court to rule on his motion for summary judgment without a hearing.

By letter dated May 22, 2006, Alanis advised the court that no action had been taken in response to his April 7, 2006 correspondence. The record is unclear whether additional correspondence or documents were filed from May 22, 2006 to January 23, 2007; however, on January 16, 2007, Alanis sent a letter addressed to the Honorable Jose Luis Garza. The letter congratulated Judge Garza and noted that Judge Pope had been unwilling to allow his case to proceed to judgment absent Alanis's appearance at a hearing on the motion for summary judgment. The letter further noted Judge Pope's unwillingness to allow Alanis to appear by telephone conference. The letter requested that Judge Garza schedule the summary judgment hearing and allow him to appear by telephone conference.

On February 6, 2007, the trial court sent the parties a notice setting Alanis's motion for summary judgment for hearing on February 20, 2007. The notice stated that the failure to appear would result in dismissal of the cause. A second notice of hearing was sent on February 21, 2007, apparently rescheduling the hearing for April 9, 2007.

On March 5, 2007, Alanis sent a letter to Judge Garza, noting that he had made a request to appear at the February 20, 2007 hearing telephonically; "however, without the assistance of the Bureau of Prisons staff, [he] was unable to appear." The letter renewed Alanis's request to appear telephonically at the hearing rescheduled for April 9, 2007. On March 27, 2007, Alanis also filed an application for a writ to personally appear at the hearing.

On April 11, 2007, the trial court called the motion for summary judgment for hearing. The record is unclear why the hearing was called on April 11, 2007, instead of April 9, 2007. Mrs. Alanis was present at the hearing, and the following exchange occurred:

> THE COURT: I received from your husband, ma'am, an application for writ of habeas corpus prosecundum [sic].

> (The Court interpreted for Ms. Alanis what the Court had stated).
> (Reporter's note: The following was interpreted by the Court Reporter for the record).
> THE COURT: In this document he asks for the Court to bring him over there.
> MS. ALANIS: Si.
> THE COURT: One, this is not a criminal case. It's a civil case. Okay. I don't think I have the power to bring him, one. Two, even if I could bring him, I'm not going to waste the County's money to bring him in a civil case or private case. You understand? It costs for me to bring him down. What I'm saying is, I'm not going to bring him down. Okay. The past two times you've been here I asked to receive a letter for you to personally have authority to proceed forward on this case. This case is pending for seven years. Okay. I simply am trying to give you an opportunity so that you could have your day in Court so you could try and prove this case.
> THE INTERPRETER: He didn't want to send a letter, mail a letter. Go ahead and give him some Court dates by 'phone.
> THE COURT: I need to see him personally when he's testifying so I can make a determination or decision in my mind if I think he's telling me the truth or not. By telephone I can't make a determination. Do you understand me?

The court then concluded the hearing by stating it was going to dismiss the cause for want of prosecution. Alanis subsequently appealed the trial court's dismissal order.

### DISCUSSION

We review a trial court's dismissal for want of prosecution under an abuse of discretion standard. *In re R.C.R.*, 230 S.W.3d 423, 426 (Tex. App.—Fort Worth 2007, no pet.); *Pedraza v. Crossroads Security Sys.*, 960 S.W.2d 339, 342 (Tex. App.—Corpus Christi 1997, no pet.). Although an inmate does not have an absolute right to appear in person at every court proceeding, he cannot be denied access to the courts simply because he is an inmate. *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003); *In re R.C.R.*, 230 S.W.3d at 426. Although trial courts can consider a variety of factors in deciding whether to grant an inmate's request for a bench warrant, if the court determines that a pro se inmate in a civil action is not entitled to leave prison to appear personally in court, the inmate should be allowed to proceed by affidavit, deposition, telephone, or other means.

*In re R.C.R.*, 230 S.W.3d at 426; *In re Ramirez*, 994 S.W.2d 682, 684 (Tex. App.—San Antonio 1998, orig. proceeding).

In this case, the trial court denied Alanis's request for a bench warrant and his motion to appear by alternative means. "Thus, the trial court dismissed [Alanis's] case for failure to appear without providing [Alanis] any means to appear." *In re R.C.R.*, 230 S.W.3d at 427. "This is fundamentally unfair and denied [Alanis] access to the courts." *Id.* Accordingly, we sustain Alanis's issues and reverse the trial court's order.

CONCLUSION

The trial court's order is reversed, and the cause is remanded to the trial court for further proceedings.

Marialyn Barnard, Justice