COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-348-CV

 

 

WALTER EDWIN SCHMIEDING, III                                          APPELLANT

 

                                                   V.

 

CARANINA LAVENDER                                                            APPELLEE

                                              ------------

 

            FROM THE 158TH
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

                                                    

                                              ------------








Appellant Walter Edwin Schmieding III, a pro se
prisoner, appeals the final decree entered in his divorce.  In three issues, he argues that the trial
court abused its discretion:  (1) by not
allowing him to appear at the final hearing by alternate means; (2) by failing
to divide the community estate in a just and right manner; and (3) by
mischaracterizing a business as Appellee Caranina Lavender=s
separate property.  Lavender has not
filed a brief with this court.  For the
reasons set forth below, we will reverse and remand.

In March 2008, Lavender filed a petition for
divorce from Schmieding.  Concerning the
division of community property accumulated during the parties=
twenty-six-year marriage, Lavender=s
petition alleged:

Petitioner believes
Petitioner and Respondent will enter into an agreement for the division of
their estate.  If such an agreement is
made, Petitioner requests the Court to approve the agreement and divide their
estate in a manner consistent with the agreement.  If such an agreement is not made, Petitioner
requests the Court to divide their estate in a manner that the Court deems just
and right, as provided by law.

 

Schmieding was served in jail and from jail filed a pro se AReply
And Motion To Original Petition For D[i]vorce,@
contesting Lavender=s petition and requesting a
teleconference with the trial court to further state his claims.








Before the July 31, 2008 divorce Aprove-up,@
Schmieding filed the following documents: 
AMotion
For Bench Warrant Or In The Alternative Motion For Satellite Teller Conference
Hearing,@ a
second original answer, a motion for adoption of a discovery control plan, an AApplication
For Writ Of Habeas Corpus Ad Testificandum And Motion To Conduct All Non-Case
Dispositive Hearings By Video Or Telephone Conference,@ a
response to Lavender=s request for disclosure, and
another pleading titled AAmended Second Original Answer.@  In several of these filings, Schmieding
specifically pointed out that he would not agree to a division of the parties=
property and requested the opportunity to present testimony to the trial court,
either live or by alternate means.  The
record does not contain rulings by the trial court on any of Schmieding=s
motions.

The trial court heard the divorce Aprove-up@ on July
31, 2008.  The reporter=s record
of the hearing is fewer than three pages. 
Lavender testified that she and Schmieding married in 1980 and separated
in 2002, that Schmieding was confined in the penitentiary and would be there
for Aquite a
while,@ that
they had separated all of their property, that she had sold the family house
with a power of attorney from Schmieding, that she had divided all of their
debts, and that all she had left were some debts that she had incurred and the
property that she had in her hands.  The
trial court concluded the hearing by stating that he took Ajudicial
notice of the contents of the file, which includes a notice letter setting this
hearing and a green card sent to and received by the respondent.@








The trial court thereafter signed a final decree
of divorce reciting that Schmieding had Amade a
general appearance and was duly notified of trial but failed to appear and
defaulted.@ 
The final decree awarded Lavender a business commonly known as SoHo
Salon; a 1994 Ford Ranger; all furniture, furnishings, fixtures, goods,
appliances, equipment, clothing, jewelry, and personal effects in her
possession; all sums of cash in her possession or subject to her control; all
retirement plans from her employment; and a life insurance policy insuring her
life.  The final decree awarded
Schmieding all furniture, furnishings, fixtures, goods, appliances, equipment,
clothing, jewelry, and personal effects in his possession; all sums of cash in
his possession or subject to his control; all retirement plans from his
employment; and any life insurance policies insuring his life.

Although an inmate does not have an automatic
right to appear personally in court, he or she does not automatically lose the
right to access the courts by virtue of being incarcerated.  In re R.C.R., 230 S.W.3d 423, 426
(Tex. App.CFort Worth 2007, no pet.); In
re D.D.J., 136 S.W.3d 305, 311 (Tex. App.CFort
Worth 2004, no pet.).  If a court
determines that a pro se inmate in a civil action is not entitled to leave
prison to appear personally in court, the inmate should be allowed to proceed
by affidavit, deposition, telephone, or other means.  R.C.R., 230 S.W.3d at 426.  Here, the trial court abused its discretion
by failing to consider Schmieding=s
requests to participate in some fashion in his divorce proceedings.  See R.C.R., 230 S.W.3d at 426B27; D.D.J.,
136 S.W.3d at 314.  We sustain Schmieding=s first
point.








We also sustain Schmieding=s second
and third points.  The record reflects
that the trial court proceeded as if the parties had reached an agreement as to
the division of their community property and as to the classification of
separate property.  Because Schmieding
expressly contested these issues in written documents filed with the trial
court, because no such agreement signed by Schmieding exists in the record,
because Schmieding did not participate by any means in the divorce proceeding,
and because no evidence exists in the three-page reporter=s record
or in the clerk=s record as to the community or
separate property owned by the parties or as to the value of such property, we
agree that the trial court abused its discretion in its property division and
in characterizing a business as Lavender=s
separate property.  See Ball v.
Roney, No. 02-08-00213-CV, 2008 WL 4831412, at *3B4 (Tex.
App.CFort
Worth Nov. 6, 2008, no pet.) (mem. op.) (citing Sandone v. Miller‑Sandone,
116 S.W.3d 204, 208 (Tex. App.CEl Paso
2003, no pet.); O=Neal v. O=Neal, 69
S.W.3d 347, 350 (Tex. App.CEastland
2002, no pet.)).

Having sustained Schmieding=s three
points, we reverse the trial court=s
judgment and remand this case to the trial court.

 

SUE
WALKER

JUSTICE

 

PANEL: GARDNER, WALKER,
and MCCOY, JJ.

 

DELIVERED:  May 21, 2009











[1]See Tex. R. App. P. 47.4.