

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-08-348-CV

WALTER EDWIN SCHMIEDING, III                                      APPELLANT

V.

CARANINA LAVENDER                                                   APPELLEE

------------

### FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Walter Edwin Schmieding III, a pro se prisoner, appeals the final decree entered in his divorce. In three issues, he argues that the trial court abused its discretion: (1) by not allowing him to appear at the final hearing by alternate means; (2) by failing to divide the community estate in a just and right manner; and (3) by mischaracterizing a business as Appellee Caranina Lavender's separate property. Lavender has not filed a brief with this court. For the reasons set forth below, we will reverse and remand.

---

[1] *See* Tex. R. App. P. 47.4.

In March 2008, Lavender filed a petition for divorce from Schmieding. Concerning the division of community property accumulated during the parties' twenty-six-year marriage, Lavender's petition alleged:

> Petitioner believes Petitioner and Respondent will enter into an agreement for the division of their estate. If such an agreement is made, Petitioner requests the Court to approve the agreement and divide their estate in a manner consistent with the agreement. If such an agreement is not made, Petitioner requests the Court to divide their estate in a manner that the Court deems just and right, as provided by law.

Schmieding was served in jail and from jail filed a pro se "Reply And Motion To Original Petition For D[i]vorce," contesting Lavender's petition and requesting a teleconference with the trial court to further state his claims.

Before the July 31, 2008 divorce "prove-up," Schmieding filed the following documents: "Motion For Bench Warrant Or In The Alternative Motion For Satellite Teller Conference Hearing," a second original answer, a motion for adoption of a discovery control plan, an "Application For Writ Of Habeas Corpus Ad Testificandum And Motion To Conduct All Non-Case Dispositive Hearings By Video Or Telephone Conference," a response to Lavender's request for disclosure, and another pleading titled "Amended Second Original Answer." In several of these filings, Schmieding specifically pointed out that he would not agree to a division of the parties' property and requested the opportunity to present testimony to the trial court, either live or by alternate means. The

2

record does not contain rulings by the trial court on any of Schmieding's motions.

The trial court heard the divorce "prove-up" on July 31, 2008. The reporter's record of the hearing is fewer than three pages. Lavender testified that she and Schmieding married in 1980 and separated in 2002, that Schmieding was confined in the penitentiary and would be there for "quite a while," that they had separated all of their property, that she had sold the family house with a power of attorney from Schmieding, that she had divided all of their debts, and that all she had left were some debts that she had incurred and the property that she had in her hands. The trial court concluded the hearing by stating that he took "judicial notice of the contents of the file, which includes a notice letter setting this hearing and a green card sent to and received by the respondent."

The trial court thereafter signed a final decree of divorce reciting that Schmieding had "made a general appearance and was duly notified of trial but failed to appear and defaulted." The final decree awarded Lavender a business commonly known as SoHo Salon; a 1994 Ford Ranger; all furniture, furnishings, fixtures, goods, appliances, equipment, clothing, jewelry, and personal effects in her possession; all sums of cash in her possession or subject to her control; all retirement plans from her employment; and a life insurance policy insuring

3

her life. The final decree awarded Schmieding all furniture, furnishings, fixtures, goods, appliances, equipment, clothing, jewelry, and personal effects in his possession; all sums of cash in his possession or subject to his control; all retirement plans from his employment; and any life insurance policies insuring his life.

Although an inmate does not have an automatic right to appear personally in court, he or she does not automatically lose the right to access the courts by virtue of being incarcerated. *In re R.C.R.*, 230 S.W.3d 423, 426 (Tex. App.—Fort Worth 2007, no pet.); *In re D.D.J.*, 136 S.W.3d 305, 311 (Tex. App.—Fort Worth 2004, no pet.). If a court determines that a pro se inmate in a civil action is not entitled to leave prison to appear personally in court, the inmate should be allowed to proceed by affidavit, deposition, telephone, or other means. *R.C.R.*, 230 S.W.3d at 426. Here, the trial court abused its discretion by failing to consider Schmieding's requests to participate in some fashion in his divorce proceedings. *See R.C.R.*, 230 S.W.3d at 426–27; *D.D.J.*, 136 S.W.3d at 314. We sustain Schmieding's first point.

We also sustain Schmieding's second and third points. The record reflects that the trial court proceeded as if the parties had reached an agreement as to the division of their community property and as to the classification of separate property. Because Schmieding expressly contested

4

these issues in written documents filed with the trial court, because no such agreement signed by Schmieding exists in the record, because Schmieding did not participate by any means in the divorce proceeding, and because no evidence exists in the three-page reporter's record or in the clerk's record as to the community or separate property owned by the parties or as to the value of such property, we agree that the trial court abused its discretion in its property division and in characterizing a business as Lavender's separate property. *See Ball v. Roney*, No. 02-08-00213-CV, 2008 WL 4831412, at *3–4 (Tex. App.—Fort Worth Nov. 6, 2008, no pet.) (mem. op.) (citing *Sandone v. Miller-Sandone*, 116 S.W.3d 204, 208 (Tex. App.—El Paso 2003, no pet.); *O'Neal v. O'Neal,* 69 S.W.3d 347, 350 (Tex. App.—Eastland 2002, no pet.)).

Having sustained Schmieding's three points, we reverse the trial court's judgment and remand this case to the trial court.

SUE WALKER
JUSTICE

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DELIVERED: May 21, 2009

5