**Reversed and Remanded and Memorandum Opinion filed  April 21, 2020.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00108-CV

---

### JOSE LUIS VARGAS, Appellant

### V.

### GRACIE ANN VARGAS, Appellee

---

**On Appeal from the 257th District Court
Harris County, Texas
Trial Court Cause No. 2003-61755**

---

### MEMORANDUM  OPINION

This appeal is brought by appellant, pro se, from a default judgment signed December 4, 2018. The underlying suit was brought by the Attorney General of Texas, representing the State of Texas, for a judgment on child support arrearage.

In his first issue, appellant contends that he requested to appear in the trial court by tele-conference call. In response to appellant's brief, the Office of the Attorney General concedes error "because the record evidence does not demonstrate that the trial court considered the appellant's request to participate in

the trial via alternative means. *See In re R.C.R.*, 230 S.W.3d 423, 426-27 (Tex. App.—Fort Worth, 2007, no pet.)."

The default judgment states that appellant "although duly notified, did not appear." Although an inmate does not have an automatic right to appear personally in court, he or she does not automatically lose the right to access the courts by virtue of being incarcerated. *In re Z.L.T.,* 124 S.W.3d 163, 165 (Tex. 2003); *Gardner v. Texas Dept. of Criminal Justice, Corr. Institutions Div.*, No. 14-07-00992-CV, 2009 WL 87594, at *2 (Tex. App.—Houston [14th Dist.] Jan. 15, 2009, pet. denied); *see also Risley v. Alvarez*, No. 14–10–00015–CV, 2011 WL 397948, at *6 (Tex. App.–Houston [14th Dist.] Feb. 8, 2011, pet. denied) (mem. op.). "The right of a prisoner to have access to the courts entails not so much his personal presence as the opportunity to present evidence or contradict the evidence of the opposing party." *Dodd v. Dodd*, 17 S.W.3d 714, 717 (Tex. App.—Houston [1st Dist.] 2000, no pet.), *disapproved of on other grounds by Z.L.T.*, 124 S.W.3d at 166)). Thus, if a court determines that a pro se inmate in a civil action is not entitled to leave prison to appear personally in court, the inmate should be allowed to proceed by affidavit, deposition, telephone, or other means. *Parker v. Parker*, No. 14-16-00098-CV, 2017 WL 924529, at *2 (Tex. App.—Houston [14th Dist.] Mar. 7, 2017, no pet.).

Accordingly, we sustain appellant's first issue, reverse the trial court's judgment, and remand the case to the trial court for further proceedings.

PER CURIAM

Panel consists of Justices Bourliot, Hassan, and Poissant.

2