# NO. 12-15-00062-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | § | *APPEAL FROM THE 145TH* |
| *T.J.H., W.D.H., AND L.B.H.,* | § | *JUDICIAL DISTRICT COURT* |
| *CHILDREN* | § | *NACOGDOCHES COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

C.H. appeals the trial court's modification order in a suit affecting the parent child relationship to his children T.H., W.H., and L.H. He raises three issues on appeal. We reverse and remand.

## BACKGROUND

On March 29, 2010, C.H. was named sole managing conservator of T.H., W.H., and L.H. Their mother, J.S., was appointed possessory conservator of the children. On July 27, 2011, the children's maternal grandparents filed a motion to modify the parent-child relationship. Approximately three years later, the Attorney General's Office filed a "Notice of Change of Status and Motion for Further Orders" seeking to modify the trial court's support order and require C.H. to pay child support.

On November 25, 2014, an associate judge conducted a hearing, and appointed the grandparents and J.S. as joint managing conservators and C.H. as possessory conservator of T.H., W.H., and L.H.[1] This appeal followed.

---

[1] Although the grandparents' motion to modify the parent-child relationship sought the relief the associate judge granted in his order on the Attorney General's motion, it is unclear whether the associate judge considered the grandparents' pleadings when he issued the order. Our disposition in this case does not turn on whether the associate judge considered those pleadings when he issued his order.

In his first issue, C.H. contends the associate judge did not have jurisdiction to hear the case and there is no authority that supports an "automatic transfer" of a case to an associate judge "simply because the "[Attorney General] files an intervention." Jurisdiction is always a threshold issue, but C.H.'s argument involves more than an identification of the court with jurisdiction over this case. Because "jurisdiction" differs from a judge's "authority," we explain the difference between the two in order to dispose of C.H.'s first issue.

## Jurisdiction

A court acquires continuing, exclusive jurisdiction in a suit affecting the parent-child relationship on the rendition of a final order. *See* TEX. FAM. CODE ANN. § 155.001(a) (West 2014). The Nacogdoches County Court at Law has concurrent jurisdiction with the district court over family law cases. *See* TEX. GOV'T CODE ANN. 25.1762 (West Supp. 2014).

Subchapter C of Chapter 155 of the family code governs the transfer of cases from courts of continuing, exclusive jurisdiction. *See generally* TEX. FAM. CODE ANN. §§ 155.201–.207 (West 2014). Sections 155.201 and 155.202 provide that a transfer of jurisdiction is initiated by a motion to transfer, and Section 155.204 sets forth the procedures involved in transferring a proceeding from the court of continuing, exclusive jurisdiction to another court. *See generally* TEX. FAM. CODE ANN. §§ 155.201, 155.202, 155.204.

Absent a motion to transfer with a corresponding order, a court with continuing, exclusive jurisdiction maintains its jurisdiction unless (1) an order of adoption is rendered after the court acquires continuing, exclusive jurisdiction; (2) suit involved a dissolution of marriage and the parents remarried and filed a subsequent suit for dissolution of marriage combined with a suit affecting the parent-child relationship; or (3) another court assumed jurisdiction over suit and rendered a final order based on incorrect information that there was no court of continuing, exclusive jurisdiction. *See* TEX. FAM. CODE ANN. § 155.004 (West 2014); *see also* TEX. FAM. CODE ANN. § 155.002 (West 2014) ("Except as otherwise provided by this subchapter, a court with continuing, exclusive jurisdiction retains jurisdiction of the parties and matters provided by this title.").

## Discussion

On May 5, 2010, the presiding judge of the 145th Judicial District signed the final order in a suit affecting the parent-child relationship concerning C.H. and his children. Thus, the 145th District Court is the court of continuing, exclusive jurisdiction for this matter. *See* TEX. FAM.

CODE ANN. § 155.001(a), (c). The record shows that after the final order was rendered, subsequent pleadings were styled "In the County Court at Law Nacogdoches County," "In the District Court 145th Judicial District Nacogdoches County, Texas," or "In the ____ District Court of Nacogdoches County, Texas."

C.H. contends that the case was transferred to the county court at law because it is identified in the parties' pleadings, and his citation states that he is being sued in the "County Court at Law."

The record contains no motion to transfer this proceeding from the district court to the county court at law. *See generally* TEX. FAM. CODE ANN. §§ 155.201–.207. There is no evidence that an adoption was rendered; that there was a dissolution of marriage, a remarriage, and a subsequent dissolution combined with a suit affecting the parent-child relationship; or that another court assumed jurisdiction and rendered a final order based on incorrect information that there was no court of continuing, exclusive jurisdiction. *See* TEX. FAM. CODE ANN. § 155.004(a). Moreover, there is no order that transfers this case to the Nacogdoches County Court at Law, and every pleading contains the district clerk's stamp. *See* TEX. FAM. CODE ANN. §155.207 (requiring clerk of transferring court to send pleadings, final orders, and order of transfer to the transferee court).

**Conclusion**

Although the record contains pleadings that suggest the case was heard before the county court at law, the fact that there are no motions or orders to transfer this case to the county court at law, and the absence of evidence that one of the intervening events described in Section 155.004(a) occurred, supports our conclusion that this case was never transferred to the Nacogdoches County Court at Law. The 145th District Court was, and continues to be, the court of continuing, exclusive jurisdiction. *See* TEX. FAM. CODE ANN. § 155.002.

**Authority**

The judge who signed the order that is the subject of this appeal is not the presiding judge of the 145th District Court. Thus, we must determine whether the judge who signed the order, the Honorable Joe Perkins, had the authority to do so. We construe C.H.'s contention that his case was automatically "transfer[red]" to mean that his case was automatically "referred."

A. <u>Automatic Referral of Cases</u>

The presiding judge of each administrative judicial region shall determine which courts require the appointment of a full time or part-time associate judge to complete each Title IV-D

case within the required statutory time period. *See* TEX. FAM. CODE ANN. § 201.101(a) (West 2014). A Title IV-D case is an action in which services are provided by the Title IV-D agency "relating to the location of an absent parent, determination of parentage, or establishment, modification, or enforcement of a child support or medical support obligation." TEX. FAM. CODE ANN. § 101.034 (West 2014). The Title IV-D agency in Texas is the Attorney General's Office. TEX. FAM. CODE ANN. § 231.001 (West 2014).

When an associate judge is appointed to hear Title IV-D cases, all Title IV-D cases shall be referred to the associate judge by a general order for each county issued by the judge of the court for which the associate judge is appointed. *Id*. § 201.101(d). In the absence of that order, the referral must be by a general order issued by the presiding judge who appointed the associate judge. *Id*.[2] "Referral of Title IV-D cases may not be made for individual cases or case by case." *Id.*

Here, Presiding Judge Mary Murphy of the First Administrative Judicial Region signed an order on February 14, 2014, referring all Title IV-D cases to associate judges for courts in the First Administrative Judicial Region.[3] On February 18, 2014, Judge Murphy signed another order re-appointing Judge Perkins to "devote full-time service to the duties of a Title IV-D Associate Judge."[4]

When the Attorney General filed its notice of changed status, it instituted a Title IV-D case. *See* TEX. FAM. CODE ANN. § 101.034. Thus, C.H.'s case was automatically referred to Judge Perkins because the referral is mandatory under Section 201.101(d).

---

[2] We note that the Legislature amended Section 201.101(d) during its 2015 regular legislative session. Specifically, the language "[i]f the presiding judge determines that a court requires an associate judge for Title IV-D cases, the presiding judge shall appoint an associate judge for that purpose," was removed. 2015 Tex. Sess. Law Serv. Ch. 1182 (S.B. 1139) (West 2015). Thus, Section 201.101(d) now reads as follows:

> Except as provided under Subsection (e), if an associate judge is appointed for a court under this subchapter, all Title IV-D cases shall be referred to the associate judge by a general order for each county issued by the judge of the court for which the associate judge is appointed, or, in the absence of that order, by a general order issued by the presiding judge who appointed the associate judge. Referral of Title IV-D cases may not be made for individual cases or case by case.

*Id.* Our analysis and disposition are not affected by the amendments to subsection (d).

[3] The First Administrative Judicial Region includes Nacogdoches County. TEX. GOV'T CODE ANN. § 74.042(b) (West Supp. 2014).

[4] Pursuant to Rule 34.5(c)(1), the clerk's record was supplemented to include the February 2014 orders of referral and appointment. *See* TEX. R. APP. P. 34.5(c)(1) ("If a relevant item has been omitted from the clerk's record, the trial court, the appellate court, or any party may by letter direct the trial court clerk to prepare, certify, and file in the appellate court a supplement containing the omitted item.")

C.H. complains that he was never put on notice to object to Judge Perkins's appointment, and cites to Section 201.005 of the family code. Section 201.005 grants a judge the authority to refer "any aspect" of a suit affecting the parent-child relationship to an associate judge. *See* TEX. FAM. CODE ANN. § 201.005(a) (West 2014). This section also provides that an objection to the referral is required to prevent the associate judge from hearing "the trial on the merits or preside at a jury trial." *Id.* § 201.005(b), (c). However, Section 201.005 does not apply because this was a Title IV-D case and referral was mandatory. *See* TEX. FAM. CODE ANN. § 201.101(d).

Nevertheless, automatic referral of a case to a Title IV-D associate judge does not grant the associate judge authority to rule on all issues presented in the pleadings.

B. Authority of the Title IV-D Associate Judge

An associate judge appointed to preside over Title IV-D cases may hear and render an order on (1) a suit to modify or clarify an existing child support order; (2) a motion to enforce a child support order or revoke a respondent's community supervision and suspension of commitment; (3) a respondent's compliance with the conditions provided in the associate judge's report for suspension of the respondent's commitment; or (4) a motion for postjudgment relief if neither party has requested a de novo hearing before the referring court. TEX. FAM. CODE ANN. § 201.104(e) (West 2014). The family code does not authorize a Title IV-D associate judge to modify conservatorship. *See generally* TEX. FAM. CODE ANN. § 201.101–.113 (West 2014).

The order that Judge Perkins signed modifies child support and conservatorship. Specifically, Judge Perkins appointed the children's maternal grandparents and their mother as joint managing conservators, and appointed C.H. as possessory conservator of the children.

Judge Perkins was appointed "pursuant to Section 201.101" of the family code, which means he was authorized only to "complete each Title IV-D case." *See* TEX. FAM. CODE ANN. § 201.101(a). Conservatorship does not fall within the enumerated categories of a Title IV-D case. *See* TEX. FAM. CODE ANN. § 101.034.


**Conclusion**

At all times, this case has been subject to the 145th District Court's jurisdiction. It has never been subject to the jurisdiction of the county court at law. It was not error to refer this case to Associate Judge Perkins upon the Attorney General's initiation of the Title IV-D case. However, the family code does not list conservatorship as a matter to be resolved in a Title IV-D case. Therefore, Judge Perkins did not have authority to modify conservatorship in this case. *See*

5

TEX. FAM. CODE ANN. §§ 101.034, 201.104.[5]  Accordingly, we sustain C.H.'s first issue in part and overrule it in part.


**ACCESS TO THE COURTS**

In his third issue, C.H. contends the associate judge erred because he did not allow him to participate in the final hearing.[6]  The Attorney General agrees there is no record evidence that the trial court considered C.H.'s request for participation at the November 25, 2014 hearing.

**Standard of Review and Applicable Law**

It is well established that litigants cannot be denied access to the courts simply because they are inmates.  *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003).  An inmate does not have an automatic right to personally appear in court, but he should be allowed to proceed by affidavit, deposition, telephone, or other means.  *See In re R.C.R.*, 230 S.W.3d 423, 426 (Tex. App.—Fort Worth 2007, no pet.).  This is because access to the courts entails the opportunity to present evidence or contradict the evidence of the opposing party.  *See id.*

We review a court's denial of an inmate's request to participate by alternate means for an abuse of discretion.  *See In re Z.L.T.*, 124 S.W.3d at 165.

**Discussion**

It is undisputed that C.H. was incarcerated when the Attorney General instituted the Title IV-D case.  In its pleadings, the Attorney General sought to modify support and conservatorship orders.

C.H. filed a pro se original answer, a request for an attorney, and a motion for issuance of bench warrant.  C.H. requested the court to issue a bench warrant or grant a continuance to allow him to participate in the proceedings.  Alternatively, he asked to participate "by means of telephone or video conference, or other means of participation from the prison unit."

On November 25, 2014, the associate judge signed an order on the Attorney General's Notice of Changed Status in which the court explicitly denied C.H.'s request for a bench warrant

---

[5] Section 201.104(a) provides that "[o]n the motion of a party or the associate judge, an associate judge may refer a complex case back to the judge for final disposition after the associate judge has recommended temporary support."  TEX. FAM. CODE ANN. § 201.104(a) (West 2014).

[6] C.H. also contends the trial court abused its discretion in denying his requests for a bench warrant and a continuance.  Resolution of these issues is not necessary to the disposition of the case.  Therefore, we do not address them.  *See* TEX. R. APP. 47.1.

and implicitly denied his request for participation by alternative means. In a section denoted "Possession and Access," a handwritten notation provides as follows:

> The Court finds that [C.H.] is currently incarcerated. The Court orders no contact between [C.H.] and the children at this time.

> It is also ORDERED that the maternal grandparents shall have possession of the children at all times and places as [J.S.] shall agree.

An audio recording of the hearing was transcribed and included in the appellate record. The transcript reflects that C.H. was not present during the hearing. The clerk's record shows that C.H. filed an affidavit with each of his two answers. But the transcript of the hearing makes no reference to C.H.'s affidavit. Moreover, the docket sheet contains the following entry for November 25, 2014: "Resp. [C.H.] sued; maternal grandparents & mother present; hearing s[i]gned Default Ord[er] on change of status; motion for bench warrant denied."

**Conclusion**

The record contains no evidence that the associate judge considered C.H.'s request to participate in the hearing by alternate means. *See, e.g.*, **Urquidez v. Urquidez**, No. 08-02-00444-CV, 2004 WL 1933339, at \*5 (Tex. App.—El Paso 2004, no pet.). Therefore, we conclude the associate judge abused his discretion in denying C.H.'s request for participation in the hearing by alternate means. *See **In re Z.L.T.**, 124 S.W.3d at 165. Accordingly, we sustain Appellant's third issue.

### DISPOSITION

Having sustained C.H.'s first issue in part and having sustained his third issue, we *reverse* the judgment and *remand* the case for further proceedings consistent with this opinion. *See* TEX. R. APP. P .43.2(d).

**BRIAN HOYLE**
Justice

Opinion delivered September 16, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

SEPTEMBER 16, 2015

NO. 12-15-00062-CV

IN THE INTEREST OF T.J.H., W.D.H., AND L.B.H., CHILDREN

Appeal from the 145th Judicial District Court
of Nacogdoches County, Texas (Tr.Ct.No. C0824736)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and the cause **remanded** to the trial court **for further proceedings** in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*