**Opinion filed June 25, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00293-CV

_____

## IN THE INTEREST OF M.P.S., A CHILD

**On Appeal from the 446th District Court**
**Ector County, Texas**
**Trial Court Cause No. E-19-114-PC**

## O P I N I O N

The trial court entered an order terminating the parental rights of the parents of M.P.S. The mother filed this appeal. In her sole issue on appeal, Appellant contends that the trial court abused its discretion by "failing to provide Appellant access to her final hearing and/or an opportunity to contest the termination of her parental rights." Appellant asserts that her constitutional rights were violated by the trial court's failure to grant a continuance or make alternative means available so that Appellant, who was incarcerated, could participate at trial. We agree that, absent a countervailing state interest of overriding significance, a trial judge should, when

reasonably possible, accommodate a parent whose parental rights are subject to termination to be present for trial. Accordingly, we reverse and remand.

*Final Hearing on Termination*

The record shows that the final hearing on termination was held via Zoom videoconference on November 3, 2020, and that Appellant's counsel was present at that proceeding. Appellant, however, was not present; she was incarcerated in the local jail. During the announcements at the outset of the November 3, 2020 final hearing, the following colloquy occurred:

> [APPELLANT'S COUNSEL]: . . . Judge, my client, she wanted me to request a continuance and an extension. I filed it last week. Additionally, I make a second oral motion for continuance and extension to secure my client's presence.
>
> She was arrested and incarcerated last week. I didn't find that out until yesterday. Since I've received notice of her incarceration, I contacted the jail, and I was told that one of the lieutenants would be calling me back. They called me back this morning, but I was in court, and I missed the call. And I've been trying to call the jail all morning, but I haven't been able to get through to anyone.
>
> So I represent the mother, but I'm requesting a continuance and extension based on my written motion and based on my oral motion to secure the presence of my client for today's court hearing.
>
> THE COURT: What is the Department's response to [Appellant's] motion?
>
> [COUNSEL FOR THE DEPARTMENT]: As far as the extension, Your Honor, we would be objecting to the extension. I certainly do not believe we have extraordinary circumstances in this case. The mother has been primarily out in the community for the life of the case and has had the opportunity to work services.
>
> I actually was the one that informed [Appellant's counsel] about the recent arrest. . . .
>
> So as far as the motion for an extension, we would be in objection to that. As far as the continuance, I would like to proceed with the final today, but I don't have an objection if [Appellant's counsel] needs

2

maybe 10, 15 minutes to try and contact the jail. I know in past cases, the jail has been very accommodating when they're aware of a court hearing and do make arrangements to have someone via telephone.

So I'm not sure if that is something [Appellant's counsel] wants to do throughout the case so [Appellant] can testify. I do understand she wants to be present. So I would have no objection if he needs a little bit of time. But I would ask that we move forward today. I know that we do have several witnesses, we are ready, and this is a recent arrest for [Appellant]. So that would be our position on the extension and the continuance.

THE COURT: All right. And as we were set at 10:30 and it's now 11:07, I think we're going to go ahead and proceed. I am going to deny the motions.

The case proceeded to trial without Appellant being present in person, via Zoom, or by telephone.

Although Appellant was absent from the hearing, her counsel was present for the duration of the hearing. When the Department rested its case, the trial court asked Appellant's counsel if he had any witnesses to present. Counsel replied that he did not have any witnesses because Appellant was not present and had not been made available for the hearing—despite counsel's request. At the conclusion of the hearing, the trial court terminated Appellant's parental rights and made findings pursuant to Section 161.001(b) of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2020). The trial court found that Appellant had committed four of the acts listed in Section 161.001(b)(1)—those found in subsections (D), (E), (N), and (O)—and that termination of Appellant's parental rights would be in the best interest of M.P.S. *See id.*

*Right of Parent to Participate at Hearing*

The Supreme Court has long recognized two principles that are integral to this appeal: (1) that "due process requires, at a minimum, that absent a countervailing state interest of overriding significance, persons forced to settle their claims of right

3

and duty through the judicial process must be given a meaningful opportunity to be heard," *Boddie v. Connecticut*, 401 U.S. 371, 377 (1971), and (2) that a parent's right to "'the companionship, care, custody, and management of his or her children' is an interest far more precious than any property right," *Santosky v. Kramer*, 455 U.S. 745, 758–59 (1982) (quoting *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 27 (1981)).  It follows then that a litigant cannot be denied access to the courts merely because she is an inmate.  *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003) (citing *Hudson v. Palmer*, 468 U.S. 517, 523 (1984)).  "However, an inmate does not have an absolute right to appear in person in every court proceeding."  *Id.*  When a trial court concludes that an inmate is not entitled to appear in person, the trial court must consider allowing the inmate to participate by some other means, such as by affidavit, deposition, or telephone, if requested by the inmate.  *J.G. v. Tex. Dep't of Family & Protective Servs.*, 592 S.W.3d 515, 521–22 (Tex. App.—Austin 2019, no pet.); *In re L.N.C.*, 573 S.W.3d 309, 324 (Tex. App.—Houston [14th Dist.] 2019, pet. denied) (reversing order terminating father's parental rights because father was precluded from meaningful participation in trial, violating his right to due process); *In re D.W.*, 498 S.W.3d 100, 118 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (same—also specifically stating that "the trial court should have considered Father's participation by telephone and given his counsel time to facilitate his participation"); *see also Office of the Attorney Gen. of Tex. v. C.W.H.*, 531 S.W.3d 178, 179 (Tex. 2017) (affirming court of appeals on ground that trial court erred by failing to consider the father's request to participate in the hearing remotely from prison), *aff'g In re T.J.H.*, 530 S.W.3d 682 (Tex. App.—Tyler 2015).

Here, counsel for the Department acknowledged that Appellant had recently been rearrested and that Appellant's counsel had only recently been made aware of the situation.  The Department did not oppose a short continuance so that Appellant's counsel could attempt to contact the jail so that Appellant could appear at trial via

4

telephone. Counsel for the Department agreed with Appellant's counsel that the personnel at the jail were generally very accommodating in situations similar to this one. However, the trial court nonetheless denied even a short continuance. Under the circumstances in this case, we must conclude that the trial court abused its discretion in doing so. *See C.W.H.*, 531 S.W.3d at 179; *J.G.*, 592 S.W.3d at 521–22; *L.N.C.*, 573 S.W.3d at 324; *D.W.*, 498 S.W.3d at 118.

As a result of the trial court's denial of Appellant's motion, Appellant was foreclosed from testifying at trial and from discussing matters with her counsel to counter the evidence offered at trial by the Department. Therefore, we hold that the trial court's error in this case "probably prevented the appellant from properly presenting the case" on appeal. *See* TEX. R. APP. P. 44.1(a)(2); *D.W.*, 498 S.W.3d at 118. Accordingly, we sustain Appellant's sole issue on appeal. We note that this court's ruling does not alter the trial court's appointment of the Department as M.P.S.'s managing conservator. *See In re J.A.J.*, 243 S.W.3d 611, 615–17 (Tex. 2007).

## *This Court's Ruling*

We reverse the trial court's order insofar as it terminated the parental rights of M.P.S.'s mother, and we remand this cause to the trial court for further proceedings. Any proceeding on remand must be commenced within 180 days of this court's mandate. TEX. R. APP. P. 28.4(c).

W. BRUCE WILLIAMS
JUSTICE

June 25, 2021

Panel consists of: Bailey, C.J.
Trotter, J., and Williams, J.